SEYMORE *v.* RICE.

1. Where the plaintiff founds his action both upon fraud and breach of warranty touching the quantity of land which he bought from the defendant and paid for, it is proper to require him to elect so as to confine him to a recovery either for the deceit, or the breach of warranty; and when he has elected to treat the action as one *ex delicto*, it is not error to order all superfluous allegations in the declaration touching warranty and breach thereof to be stricken.

2. The description of the land as to quantity set out in the deed from the defendant to the plaintiff being that it contained 170

acres more or less, evidence that by actual subsequent survey the tract was found to contain only 119 acres, together with evidence that the defendant, in the oral contract of sale or in the negotiations which resulted in that contract, represented it to contain 170 acres, and that the plaintiff in consequence of the representation believed it did contain that quantity and had no knowledge to the contrary until after he paid the whole of the purchase money, was sufficient to carry the case to the jury, and the court erred in granting a nonsuit.

July 23, 1894.

Complaint for damages. Before Judge McWhorter. Hart superior court. September term, 1893.

McCurry & Proffitt, for plaintiff.

Joseph N. Worley, by brief, for defendant.

Lumpkin, Justice.

It appears from the record that Seymore bought a tract of land from Rice, paid for it, and took from Rice a warranty deed. Afterwards, Seymore brought an action against Rice to recover a portion of the price paid for the land, because of an alleged deficiency in the quantity of it. The first trial of the case resulted in a verdict for the plaintiff; the trial judge granted a new trial, and his judgment was affirmed by this court. 89 *Ga.* 372.

1. As originally filed, the declaration was based both on the alleged fraud and deceit of Rice in making representations to Seymore as to the quantity of the land, and also upon the breach of warranty expressed in the deed. At the last trial, the court required the plaintiff to elect between these two remedies, so as to confine him to a recovery either for the deceit or the breach of warranty. Under this ruling, the plaintiff elected to treat the action as one *ex delicto* and to proceed for the fraud and deceit. Thereupon, the court ordered all the allegations in the declaration touching the warranty and a breach thereof to be stricken as superfluous. The bill of exceptions assigns error, both

upon requiring the plaintiff to make the election, and upon striking from the declaration the allegations mentioned. The court was right in both rulings. A plaintiff may join in the same action all claims against the defendant arising *ex contractu;* and all claims arising *ex delicto* may in like manner be joined; but he cannot join in the same action two distinct claims, one sounding in contract for the breach thereof, and the other in tort. Code, §3261. It often happens that a party may sue either for a tort or for the breach of a contract, but in such cases he must elect on which he will proceed. Code, §3063. It is therefore plain that the court was right in requiring the plaintiff to make his election; and this being so, it follows beyond doubt that the declaration ought to have been cleared of all unnecessary and irrelevant allegations.

2. The deed from Rice to Seymore described the land as containing 170 acres, more or less. The evidence clearly showed that, by actual survey made subsequently to the execution of the deed, the tract really contained only 119 acres, showing a deficiency of 51 acres, which amounted to exactly 30 per cent. of the quantity specified in the deed. There was other evidence tending to show that in the oral contract of sale, or in the negotiations which led up thereto, Rice positively represented the land to contain 170 acres; that the plaintiff believed this representation, and on the faith of it paid the whole of the purchase money some time before discovering that the deficiency existed. Taken all together, there was enough evidence to carry the case to the jury, and the court should not have granted a nonsuit. The deficiency of 51 acres in a tract of this size was quite considerable, and it was the province of the jury, and not of the court, to say whether or not Rice was guilty of actual and willful deceit in making the sale.

*Judgment reversed.*