## EMLEN *v.* ROPER *et al*

1. In a suit by a vendee against a vendor to perform specifically a contract for the sale of land in gross, where the number of acres are specified as "more or less," and the vendee desires to claim compensation for a deficiency in quantity, the vendee must allege that in making the contract of sale the vendor was guilty of actual fraud in misrepresenting the quantity.
2. A material representation falsely made by a vendor to a vendee to induce a sale, and made with a knowledge of its falsity, amounts to actual fraud.

3. The petition set out a cause of action as against a general demurrer.

Submitted June 7, 1909.—Decided January 12, 1910.

Equitable petition. Before Judge Pendleton. Fulton superior court. September 21, 1908.

Tyre L. Roper and seven others sold a tract of land to Mary Elizabeth Emlen for $1,000, and executed to her their bond for title, wherein the land was described as follows: "A certain tract or parcel of land, situated, lying, and being in the seventeenth (17th) district of originally Henry, now Fulton county, Georgia, and being a part of original land lot No. 258, and being particularly described thus, that is to say, being 40 acres, more or less, of the land deeded to John A. Paris on the 8th day of Dec., 1860, and described as follows, commencing at the southwest corner of said lot 258 and running north 1,150 feet to a rock corner, thence southeast in a direct course to a rock corner near the branch; thence northeast to a pine corner, thence southeast to a rock corner on said course, thence said course to the road, near the southeast corner of said lot; thence along said road to a rock corner on the south side of said lot, thence west along the old original land line to the place of beginning, containing sixty (60) acres, more or less, and being the same land purchased by said Chase from James L. Mayson by deed dated 17th of August, 1859, and said 40 acres, more or less, of said 60 acres, more or less, conveyed to B. Roper, being all of said 60 acres of land except 20 acres thereof which said Paris sold and conveyed to Marcus A. Bell by warranty deed, for full particulars and description of which see Deed Book O, page 564, of Fulton county records." The vendee paid all the purchase-money except $375. She filed a petition against her vendors, alleging, beside the foregoing facts, that she entered in possession of the land under her purchase, and had recently had it surveyed and ascertained that the tract contained only 29.3 acres; that her vendors represented to her that there were 40 acres in the tract; and that she entered into the contract of sale, believing such representations were true. She bought the land at $25 per acre, and claimed an abatement in the price of $267.50. She has tendered to the vendors the difference between this sum and the balance due on the purchase-money, and demanded a deed; which tender and demand were refused. The prayers are, (1) that she be decreed compensation for the deficiency in the land; (2) that defendants

be required to make her a deed to the 29.3 acres of land upon the payment of the balance of the purchase-money which may be decreed to be due; (3) for general relief. The plaintiff amended her petition by alleging, that the deficiency in the number of acres in said land was and is so gross as to justify the suspicion of willful deception or mistake amounting to fraud; that defendants well knew, when they sold said land to petitioner, that it did not contain forty acres, and she was deceived by their representation that it did contain forty acres, and was induced to purchase the same by said representation. The court dismissed the petition on oral motion, and the plaintiff brings error.

*Lowndes Calhoun,* for plaintiff. *E. V. Carter,* for defendants.

EVANS, P. J. (After stating the foregoing facts.) The description of the land as contained in the bond for title indicates a sale in gross, and not a sale per acre. The vendors obligated themselves to sell what remained of a specifically described tract of land, after deducting therefrom 20 acres previously sold off, and the quantity remaining was estimated at 40 acres, more or less. The tract sold is accurately defined by metes and bounds, and the use of the words "more or less," in connection with the number of acres which the tract contained, make clear the vendors' intention, as expressed in the writing, to sell by the tract and not by the acre.

It is provided in the Civil Code, §3542, that "In a sale of lands, if the purchase is per acre, a deficiency in the number of acres may be apportioned in the price. If the sale is by the tract or entire body, a deficiency in the quantity sold can not be apportioned. If the quantity is specified as 'more or less,' this qualification will cover any deficiency not so gross as to justify the suspicion of willful deception, or mistake amounting to fraud; in this event the deficiency is apportionable; the purchaser may demand a rescission of the sale, or an apportionment of the price according to relative value." This section of the code has been before this court several times; in most of the cases the discussion of it arose either upon its relation to the evidence or an instruction by the court as to its application to the facts of the particular case. Its bearing on the pleading where an apportionment in price was claimed was considered in the cases of *Thompson* v. *Boyce,* 84 *Ga.* 497 (11 S. E. 353), and *Kendall* v.*Wells,* 126 *Ga.* 343 (55 S. E. 41). In the latter case it was ruled that where land has been sold and conveyed by the

tract, the number of acres being mentioned in the deed only as a part of the description and not by way of covenant, a vendee who sues for compensation for a deficiency in quantity must allege in his petition facts showing actual fraud on the part of the vendor. In the present case it is alleged that the vendors' representation at the time of the sale of the number of acres was not only false, but false within the knowledge of the vendors, and was acted upon by the vendee to her injury. This is a charge of actual fraud. It may be that such an allegation might be too general to withstand a special demurrer demanding more circumstantiality of averment as to the materiality of the representation. But no special demurrer was filed, and the petition was dismissed on oral motion. The code section above quoted allows the vendee to either demand a rescission of the sale or an apportionment of the price according to relative value. If the vendee preferred to keep the land, and have compensation for the deficiency by reducing the purchase-price by the amount of loss sustained in consequence of the vendors' fraud, she was entitled, upon tender of the balance of the purchase-money, to go into a court of equity and insist upon a specific performance of the contract of sale, with compensation for the deficiency. *Seegar* v. *Smith,* 78 *Ga.* 616 (3 S. E. 613). This is the case made by the petition.

The distinction between the necessity of an allegation of facts showing actual fraud in the vendee's pleading claiming compensation for a deficiency in acres, where the sale is by the tract and the number of acres are stated as "more or less," and the application of § 3542 to an instruction of the court where actual fraud is proved, must not be confounded. With reference to the former the rule is as stated in *Kendall* v. *Wells,* supra; but as to the latter the rule is laid down in several cases, particularly in *Walton* v. *Ramsey,* 50 *Ga.* 618; *Estes* v. *Odom,* 91 *Ga.* 600 (18 S. E. 355); *Perkins* v. *Williams,* 98 *Ga.* 388 (25 S. E. 556); *Finney* v. *Morris,* 116 *Ga.* 758 (42 S. E. 1020).

*Judgment reversed. All the Justices concur.*