MONTGOMERY *et al. v.* ROBERTSON.

ATKINSON, J. 1. Where land was sold and conveyed by the tract, the number of acres being mentioned in the deed only as part of the description and not by way of covenant, and it being recited that the land contained so many acres, "more or less," in the absence of actual fraud no recovery can be had by the purchaser against the vendor on account of a deficiency in the quantity of land contained in the tract described. *Kendall* v. *Wells,* 126 *Ga.* 343 (55 S. E. 41) ; *Emlen* v. *Roper,* 133 *Ga.* 726 (66 S. E. 934).

(a) If the action in the present case be treated as one for a deficiency in the quantity of land contained in a tract conveyed and described as containing a certain number of acres, "more or less," there was no sufficient allegation of fraud.

2. In so far as the petition sought to recover on the ground that the vendor had pointed out to the vendee a certain line as being the correct boundary line between the tract conveyed and an adjoining tract, and that this was not the true dividing line, it was insufficient. It failed to allege that the line thus pointed out was not in fact the correct line between the two tracts of land, or what was the true line, merely alleging that he had been misled, and that the processioners, appointed in part on his application, had marked a different line, and that the vendor had notice of the processioning, it not appearing that he was an adjoining landowner, or that the line so marked lay between the land so conveyed and any land owned by him. Civil Code, § 3245.

(3) If the allegations contained in the record before this court are correctly set forth, it would seem that the line alleged to have been pointed out, if correct, would have given plaintiff less land than he actually obtained. He purchased the northeast half of land lot number 268. The boundary on the southern and western sides was, therefore, the remainder of that land lot. This left only two other sides, to wit, the north and east sides of the tract conveyed. Apparently the line which it is claimed encroached upon the tract sold was on the east side. The allegation is that the vendor informed the vendee that the true line between these two lots lay about 16½ chains "west" of the line marked by the processioners. If this be correct, the line pointed out would leave less in the tract conveyed than the line marked by the processioners. If the adjacent lot lay north of that conveyed, then the allegation that the line pointed out was "west" of the processioners' line would be meaningless.      *Judgment reversed. All the Justices concur.*

FEBRUARY 18, 1910.

Action for breach of warranty. Before Judge Wright. Floyd superior court. January 15, 1909.

J. M. Robertson filed his petition to the superior court of Floyd county, which alleged, among other things, substantially as follows: Mrs. Jeannette B. McGovern is a resident of the State of California, and is without the jurisdiction of the court, Mrs. Rosa M. Barnwell is a resident of Fulton county, Georgia, and Mrs. Joseph M. Gra-

ham and A. Blair Montgomery are residents of Floyd county, Georgia. On the 1st day of April, 1905, the four persons just named executed and delivered to petitioner a deed to the following described lands, lying in the fourth district and fourth section of Floyd county, Georgia: "The northeast half (½) of lot No. two hundred and sixty-eight (268), said whole lot being in the form of a parallelogram, and the half hereby conveyed being all that part of said lot lying north and east of a straight line drawn diagonally from the southeast corner of said lot through the central point of said lot to the northwest corner of the lot; the half of said lot hereby conveyed containing eighty acres, more or less." The deed contained the following express warranty, to wit: "And the said parties of the first part, their heirs, executors, administrators, and assigns, the said bargained premises unto the said party of the second part, his heirs, executors, administrators, and assigns, against said parties of the first part, their heirs, executors, administrators, assigns, and all and every person or persons, shall and will warrant and ever defend by virtue of these presents." Petitioner attempted to take possession of the property which had been pointed out to him as 80 acres of lot 268, conveyed by said deed, when he was stopped by E. M. Busby, who claimed that a part of said property was embraced within the limits of lot No. 267, which immediately adjoined lot No. 268, and of which Busby was owner. Thereupon application was made by petitioner and others to the land processioners of the district to trace out and determine the lines around lot No. 268, and the line between the northeast and the southwest halves of said lot. The processioners proceeded in accordance with law, after notice to adjoining landowners, and traced out and surveyed said lands and established the lines between 267 and 268 and the line between the northeast and southwest half of said lot No. 268, and filed their return with a plat in the office of the ordinary of the county in accordance with law. The processioners established what is known as the Knight line to be the true dividing line between lots 267 and 268, thereby sustaining the contentions of E. M. Busby. Said line would leave only about 90 acres in said lot 268, and only about 45 acres in that portion of said lot "lying north and east of a straight line drawn diagonally from the southeast corner of said lot through the central point of said lot to the northwest corner of the lot, instead of 80 acres, as con-

veyed by said deed." Defendants and their agents informed petitioner that the true line between lots 267 and 268 lay about 16½ chains west of said Knight line, and pointed out the same to him as such true line, and the first he knew of any dispute with reference to the line was when he was stopped from cutting the timber by E. M. Busby. The deficiency in said land is so great as to justify the suspicion of wilful deception, and certainly it is such a mistake as to amount to fraud. Defendants had notice that the land would be processioned and they had opportunity to appear and defend petitioner's interest in said proceeding; but they failed and refused so to appear. Petitioner paid the defendants for the land, and for some other land purchased at the same time, the sum of $2,875. A fair and reasonable price for the land above described, had there been eighty acres thereof, as conveyed, would have been $500, but the 45 acres in the said northeast half of said lot, as found by the processioners, is not worth exceeding $250. It was also alleged that petitioner had been put to an expense of $50, or more, by reason of the processioners' proceeding, for which he should be reimbursed. The prayer was, for process, and for judgment against said defendants for $300. The defendants filed a demurrer, and afterwards, in order to meet some of the objections raised by the demurrer, the plaintiff amended by setting forth a description of other property described in the deed, so as to show all of the property for which the consideration of $2,875 was paid. The amendment also contained an allegation that by reason of the deficiency in the number of acres conveyed, as set out in the original petition, petitioner is entitled to an apportionment of the purchase-price of said lands to the extent and in the manner claimed in the petition, with interest thereon. The defendants again demurred to the petition as amended, and the plaintiff again amended by making reference to paragraph 7 of the original petition, which charged: "that defendants and their agents informed petitioner that the true line between lots 267 and 268 lay about 16½ chains west of said Knight line, and pointed out the same to him as such true line, and the first he knew of any dispute with reference to the line was when he was stopped from cutting the timber by the said E. M. Busby, as aforesaid," and by alleging further that "all of said conduct and representations misled your petitioner, and he was thus defrauded into believing and he did believe, on account of said representations,

that the line was at the place so pointed out, and that he was getting the land described in the deed and so pointed out to him, and that the same contained eighty acres." One of the grounds of the demurrer was, "because the petition, as amended, sets out no cause of action against the said defendants or either of them, either in law or equity." The demurrer was overruled, and the defendants excepted.

*Denny & Harris,* for plaintiffs in error.

*John W. & G. E. Maddox,* contra.