KING LUMBER COMPANY *v.* COWART.

ATKINSON, J.  1. Where a deed conveyed all the sawmill timber on certain named lots of land, "there being 400 acres, more or less," in a suit seeking to recover for a deficiency in the acreage of the timbered land it was necessary to allege actual fraud upon the part of the grantor. *Kendall* v. *Wells,* 126 *Ga.* 343 (55 S. E. 41); *Emlen* v. *Roper,* 133 *Ga.* 728 (66 S. E. 934); *Montgomery* v. *Robertson,* 134 *Ga.* 66 (67 S. E. 431); *Currie* v. *Collins* 136 *Ga.* 473 (71 S. E. 798).

2. Allegations that the vendor had owned the various lots of land on which the timber was situated for a number of years, said he knew there were 400 acres and guaranteed it, and if there were not 400 acres he

would make it good, and that the purchaser relied entirely upon the guaranty of the vendor as to the number of acres, and there was a deficiency, were not sufficient to show actual fraud upon the part of the vendor authorizing a recovery for such deficiency.

3. An amendment which alleged that the trade was based on the fact that there were 400 acres of timbered land, that the purchaser bought the timber at the rate of $12 per acre, that the vendor prepared and executed a deed and placed it in bank, with a draft attached to it for the purchase-price, and wrote to the purchaser that he had made and forwarded a deed in accordance with the terms of their trade, and that the purchaser believed him to be a reliable man, and therefore did not examine the deed before paying the draft, and did not know that the deed read "400 acres, more or less," was not a sufficient allegation to furnish a basis for a prayer for reformation of the deed "by striking out the words 'more or less,' and [making it] speak the truth of the trade as made, to wit: 400 acres at $12.00 per acre," it not appearing that there was any agreement as to what the deed should contain on this subject, or anything to prevent the purchaser from examining it before accepting it, or anything to show when he did discover its contents, or that he promptly repudiated it or sought equitable relief upon the discovery. *Weaver* v. *Roberson*, 134 *Ga.* 149 (67 S. E. 662).

*Judgment affirmed. Beck, J., absent. The other Justices concur.*
AUGUST 22, 1911.

Action of deceit. Before Judge Frank Park. Calhoun superior court. June 9, 1910.

*J. Y. Allen,* for plaintiff.

*Calhoun & Rambo* and *Hawes & Pottle,* for defendant.