## GOLDEN & SON *v.* SHAW & COMPANY.

ATKINSON, J.   1. In an action for damage instituted August 31st, 1909, on account of alleged deceit practiced on plaintiffs, inducing them to enter into a written contract with defendants, the petition was not subject to general demurrer on the ground that no cause of action was set out, where the petition alleged the following in substance:   On September 5th, 1905, by a written contract between the parties of that date, defendants sold to plaintiffs their entire turpentine outfit located in a designated county and district, consisting of described personal property, and all their timber suitable for turpentine purposes. Of the timber included in the sale there were designated numbers of "acres of timber" on several designated lots of different named persons.   The contract recited the number of acres held under the different owners of land as ranging from two hundred to twelve hundred and twenty-five acres, the aggregate being three thousand, nine hundred and seventy-one acres.   As a matter of fact there was a deficiency in the number of acres of timber in each of such tracts, on account of land having been cleared and put in cultivation, the total deficiency amounting to seven hundred and sixty-four acres.   The price paid per acre was $2.50, and the loss to plaintiffs by reason of the deficit in acreage was $1,910. During the negotiations which finally culminated in the sale plaintiffs made inquiry of defendants, on different occasions, as to whether the number of acres set forth in the different leases exhibited to petitioners and afterwards incorporated in the contract "represented the number of acres of timber lands in each instance, exclusive of all clearings and cultivated fields, and petitioners were assured by the defendants that the acres so mentioned represented only timbered lands, exclusive of that cleared or in cultivation."   Petitioners made an examination of the lands in the best possible manner without an actual survey, before the transaction was actually consummated into a sale, but were unable without an actual survey to determine, with any accuracy, or even approximately, whether the acreage as set forth and claimed by the defendants was the true acreage of the timber lands or otherwise; this knowledge being exclusively with the defendants, and in their own breast and keeping. At the time this sale was made, when petitioners made an inquiry as to these facts above set forth, defendants actually knew that the figures representing the acreage given and set forth did not represent the true acreage of timber lands, but represented the timber lands and the cleared lands as well.   Relying upon the representations made by defendants as to the acreage of the timber lands, plaintiffs acted, and were thereby misled into making the purchase above described, believing that they had contracted only for timber lands, and not for cleared lands that contained no timber, and the failure on the part of defendants to deliver them the total amount of timber purchased has resulted in loss and damage to them.   See *Emlen* v. *Roper*, 133 *Ga.* 726 (66 S. E. 934).

(*a*) In regard to the case of *Martin* v. *Harwell*, 115 *Ga.* 156 (41 S. E. 686), it may be remarked that the subject-matter of the representations there involved was in part the quality or character of the timber

on certain lands; and that the decision in that case was rendered by four Justices, and is not such a binding precedent as requires the decision to be reconsidered or modified formally. Therefore, without finding it necessary to formally overrule or declare a modification of that decision, it will not be extended to cases of the present character.

*Judgment reversed. All the Justices concur.*
July 11, 1912.

Action for damages. Before Judge Thomas. Berrien superior court. January special term, 1911.

*W. G. Harrison* and *W. D. Buie,* for plaintiffs.

*Hendricks & Christian* and *J. P. Knight,* for defendants.