4859. MOBLEY *v.* HARRELL.

The allegations of the petition set forth a cause of action.
DECIDED SEPTEMBER 23, 1913.

Certiorari; from Grady superior court—Judge Frank Park. March 6, 1913.

*R. C. Bell, J. S. Weathers,* for plaintiff in error.

*R. R. Terrell,* contra.

HILL, C. J. Harrell sued Mobley in the city court of Whigham. Mobley demurred generally and specially, the court sustained the demurrer and dismissed the petition, and by certiorari Harrell carried the case to the superior court, where the judgment of the city court was reversed and the case remanded for trial. Mobley excepted to this judgment of the superior court. The suit in the city court was for money had and received, and the allegations of the petition made the following case: On October 30, 1911, Harrell bought from Mobley a certain tract of land containing 150 acres, more or less, in the southwestern portion of lot No. 185 in the 19th district of Decatur county, Georgia, at the fixed price of $11 per acre of whatever the tract would measure, to be paid on or before November 1 thereafter. Harrell and Mobley, acting together, procured the county surveyor to survey and measure this tract for the purpose of ascertaining the exact number of acres, and he reported to them that the tract contained 133.66 acres, including a 7-acre tract that there was some dispute about. Harrell, assuming that this survey and measurement was correct, paid to Mobley the sum of $1,470.25, which was at the rate of $11 per acre, according to the survey and measurement, and Mobley executed his deed to Harrell accordingly. Very soon thereafter Harrell received a letter from the surveyor, notifying him that after carefully looking over his figures relating to the survey and measurement, he found that he had made a mistake of fact; that the tract of land which Harrell

had bought contained only 108.19 acres; that this mistake came about by reason of his being interrupted by both Harrell and Mobley while he was trying to figure the number of acres contained in the tract. The disputed strip of 7 acres was not surveyed; and the addition of this to the tract which Mobley had sold to Harrell made the entire tract contain 115.19 acres; and this, at $11 per acre, amounted to $1,266.09. It was alleged that by reason of this mistake of the surveyor, the petitioner paid to Mobley $204.16 more than he should have paid him, and more than Mobley should have received for the land, and the suit was brought to recover this excess, with interest on the same from the time of its payment. Mobley demurred to the petition, on the general ground that it set forth no cause of action, and on the special ground that no copy of the contract of sale or of the deed referred to was attached to the petition, and that the relief that the plaintiff sought was on account of an alleged mistake, for which the city court was without jurisdiction to give relief, the same being equitable relief which could only be granted by the superior court. The demurrer was sustained by the trial judge, and on certiorari this judgment was reversed.

We think the judgment of the superior court sustaining the certiorari and remanding the case for trial was right. If the plaintiff establishes on the trial the allegations of the petition, he will be entitled to recover the money paid to the defendant in excess of the agreed price for the land. According to the allegations of the petition, the land was not sold by the tract, but was expressly sold by the acre, at a stipulated price of $11 per acre. The case, under the allegations, is not one in which the vendor is charged with having made a fraudulent statement about the number of acres, to induce the vendee to buy the land; there is no allegation that the vendee was deceived by any statement of the vendor; nor is it a case in which the vendee himself was guilty of negligence in ascertaining the facts, and, because of his own laches, would not be allowed any relief. In other words, it was not a case in which the purchaser relied upon the guaranty of the vendor as to the number of acres and was deceived; and there was no allegation of actual fraud upon the part of the vendor. If the facts were as stated, there could be no recovery. *King Lumber Co.* v. *Cowart*, 136 *Ga.* 739 (72 S. E. 37). It is not a case in which the vendee had sufficient opportunity to inspect the property and was prevented by the seller's

fraud from so doing; he voluntarily chose to rely upon the vendor's statement, without making any investigation to ascertain the truth. If this is so, the plaintiff could not recover. *Martin* v. *Harwell,* 115 *Ga.* 156 (41 S. E. 686). The allegations of the petition, which are admitted to be true by the demurrer, clearly show that the excess over the stipulated price of the land was paid not because of any fraud of the defendant or any negligence of the plaintiff, but simply through a mistake of fact, which was made not by the plaintiff or the defendant, but by the surveyor whom both had selected to ascertain the exact number of acres, in order that the correct amount as stipulated could be arrived at. Certainly, if the plaintiff established the allegations of his petition, the money should be refunded to him by the defendant, for the money had been paid through a mistake made by the surveyor. An action for money had and received lies in all cases where money is in the hands of another which ex æquo et bono the plaintiff is entitled to recover, and which the defendant is not entitled in conscience to retain. *Bates-Farley Bank* v. *Dismukes,* 107 *Ga.* 212, 217 (33 S. E. 175), and citations. We therefore conclude that the judge of the superior court did right in sustaining the certiorari and remanding the case for a trial.          *Judgment affirmed.*