10578.   HURST *v.* GOLDSTEIN BROTHERS.

LUKE, J.   1.   "Where land is bargained by the tract, a deficiency in the acreage can not be apportioned unless the purchaser can show that actual fraud was perpetrated by the vendor." *Parker* v. *Roberts,* 19 *Ga. App.* 270 (91 S. E. 345), and cases cited.

(*a*)   "Where, in a suit on a note for the purchase-money of land so conveyed, the maker of the note undertakes to have an alleged deficiency in acreage apportioned in the amount of the recovery, but does not allege and prove actual fraud on the part of the vendor, the plaintiff is entitled to a judgment in the whole amount of the note sued on." *Parker* v. *Roberts,* supra.   See also *Estes* v. *Odom,* 91 *Ga.* 600 (18 S. E. 355).

(*b*)   In the instant case, while the purchaser of the land *alleged* actual fraud on the part of the vendor, the evidence authorized the jury to find to the contrary.

2. There was evidence to authorize the verdict, which has been approved by the trial judge, and for no reason assigned was it error to overrule the motion for a new trial.

   *Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*
                       DECIDED DECEMBER 11, 1919.

Complaint—garnishment; from Haralson superior court—Judge Irwin.   March 22, 1919.

*Edwards & Edwards,* for plaintiff in error.

*I. N. Cheney, Hatton Lovejoy, Griffith & Matthews,* contra.

---

10905.   HARDY *v.* THE STATE.

LUKE, J.   The evidence authorized the conviction of the defendant, and the court did not err in overruling the motion for a new trial.

   *Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*
                       DECIDED DECEMBER 11, 1919.

Indictment for larceny from house; from Spalding superior court —Judge Searcy.   August 2, 1919.

*C. L. Redman,* for plaintiff in error.

*E. M. Owen, solicitor-general,* contra.