## 12059. MAYO v. BOWEN.

HILL, J.   1. A deed described the land conveyed as follows: "All that certain tract or parcel of land situate, lying and being in the 1192nd dist., G. M., of Toombs county, Georgia, containing fifty-six acres, more or less, and bounded as follows: 'On the north by lands of W. Y. Bowen, on the east by lands of D. C. Newton & Son, on the south by land of W. J. Hall, and on the west by lands of Mrs. M. M. James." *Held,*

that this was a conveyance of land by the tract, and not by the acre. *Kendall* v. *Well*, 126 *Ga.* 343 (55 S. E. 41).

2. In a conveyance of land by the tract the qualifying words "more or less" "will cover any deficiency not so gross as to justify the suspicion of wilful deception or mistake amounting to fraud; in this event the deficiency is apportionable." Civil Code (1910), § 4122; *Estes* v. *Odum*, 91 *Ga.* 600 (18 S. E. 355).

3. Whether or not a deficiency in the quantity of land sold by the tract with the qualifying words "more or less" is so "gross as to justify the suspicion of wilful deception or mistake amounting to fraud" is, as a general rule, a question of fact to be decided by the jury in the light of all the circumstances of the particular case, and not one of law for determination by the court. *Perkins Mfg. Co.* v. *Williams*, 98 *Ga.* 388 (25 S. E. 556); *Estes* v. *Odum*, supra.

4. The deed in the instant case described the quantity of land as being "fifty-six acres, more or less." The survey of the land conveyed disclosed the fact that there were 32½ acres, a deficiency of 23½ acres. It was a question for the jury whether under all the circumstances of the particular case this deficiency was so gross as to justify the suspicion of fraud, in which event the vendee would be entitled to an apportionment of the price according to relative value. *Owens* v. *Durham*, 9 *Ga. App.* 179 (70 S. E. 989); *Bryan* v. *Yates*, 7 *Ga. App.* 712 (67 S. E. 1048).

5. The rules of law stated above are applicable to all conveyances of land, whether the estate conveyed in the land described is for life, in remainder, or in fee simple.

6. Under the facts in evidence the case falls within the general rule, and the trial court committed error in directing a verdict for the plaintiff for the full amount of the suit.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 16, 1921.

Complaint; from Toombs superior court — Judge Hardeman. November 24, 1920.

*Williams & Corbell,* for plaintiff in error.

*Lankford & Rogers,* contra.