## 11781.   JARRETT v. McKINNON.

STEPHENS, J. 1. Where there is a sale and conveyance of land by the tract, described in the conveyance as containing so many acres, with the qualifying words "more or less," the purchaser may defend against a suit for the purchase-money and obtain an apportionment in the purchase-price, upon proof of a deficiency in the number of acres, and that there was such a deficiency as to justify the inference that the sale was induced by actual fraud. See, in this connection, *Emlen* v. *Roper*, 133 *Ga.* 726 (66 S. E. 934); *Kendall* v. *Wells*, 126 *Ga.* 343 (55 S. E. 41).

2. "Fraud  .  .  , being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence" (Civil Code of 1910, § 4626); and since "actual fraud consists in any kind of artifice by which another is deceived" (Civil Code of 1910, § 4622), it follows that where a vendor, in order to induce a sale of land, even though the land is to be sold by the tract, exhibits to the purchaser and produces for his inspection a deed to the tract from another party to the vendor, which deed indicates that the land contains so many acres, to wit 319, more or less, when as a matter of fact the tract sold is deficient in the number of acres by nearly one half (to wit 157 acres) of the number of acres indicated in the deed exhibited, which deficiency is known to the vendor but unknown to the purchaser, such act on the part of the vendor in exhibiting such conveyance to the purchaser is such as may amount to a false representation as to the size of the tract and thereby constitute actual fraud upon the purchaser.

3. In a suit by the vendor for the purchase-price of the land, it was error to strike the defendant's plea setting up the above facts by way of defense and for the purpose of obtaining an apportionment of the purchase-price.

*Judgment reversed.   Jenkins, P. J., and Hill, J., concur.*

DECIDED APRIL 14, 1921.

Complaint; from city court of Thomasville — Judge W. H. Hammond.   July 19, 1920.

*Titus, Dekle & Hopkins,* for plaintiff in error.

*Branch & Snow,* contra.