### 16167.   STOCKBURGER v. BROOKER.

LUKE, J.   1. The sale of all the sawmill timber on a bounded tract of land containing "approximately one hundred acres in timber" is a sale of timber in gross. *White* v. *Adams*, 7 *Ga. App.* 764 (68 S. E. 271); *Kendall* v. *Wells*, 126 *Ga.* 343 (55 S. E. 41).

(a) The clause "approximately one hundred acres in timber" has the same meaning as would the phrase, "one hundred acres, more or less, in timber." *Kendall* v. *Wells*, supra.

2. The defense in this case being that there should be an abatement in the purchase price because the plaintiff fraudulently deceived the defendant as to the acreage of timber purchased, section 4122 of the Civil Code of 1910 is applicable.

(a) The decision in the case of *Martin* v. *Harwell*, 115 *Ga.* 156, 41 S. E. 686 (criticized in *Golden* v. *Shaw*, 138 *Ga.* 379, 75 S. E. 424), holding that said section "does not apply to a sale of timber growing upon land, when there is no deficiency in the quantity of the

land, but only misrepresentation as to the quality and character of the timber itself," evidently does not control the case at bar.

3. When a sale of land or timber is by the tract or entire body, the acreage being limited by the words "more or less" or "approximately," or words of like meaning, and the defendant seeks an abatement in the purchase price because he was fraudulently misled by the plaintiff as to the actual acreage, he must show both such deficiency in the acreage as will justify a suspicion of fraud and actual fraud. The suspicion "must arise out of a comparison of quantities and out of the magnitude of the resulting deficiency." "The same facts which justify the suspicion may prove the fraud, *prima facie*." *Estes* v. *Odom,* 91 *Ga.* 600, 607 (18 S. E. 355); *Kendall* v. *Wells,* supra; Civil Code (1910), § 4122. Actual fraud must be alleged and proved, and "a material representation falsely made by the vendor to a vendee to induce a sale, and made with the knowledge of its falsity, amounts to actual fraud." *Emlen* v. *Roper,* 133 *Ga.* 766 (66 S. E. 934).

4. "In order for the vendee to estop himself by waiver or acquiescence from seeking redress for the fraud by an action for damages, he would have to be fully informed of the facts at the time of such waiver or acquiescence." *Estes* v. *Odom,* supra.

5. "Previous knowledge of the land or of its boundaries would not preclude the vendee from recovering for fraudulent misrepresentation of quantity, if without fault on his part he was actually deceived and defrauded by the misrepresentation, provided the deficiency was more than could be fairly covered in the given instance by the phrase 'more or less.' " *Estes* v. *Odom,* supra.

6. The amendment to the original plea was germane, and the court properly allowed it. The alleged deficiency in this case was approximately fifty per cent., and actual fraud was sufficiently alleged in the amended plea to withstand the demurrers. *Emlen* v. *Roper,* supra. There was sufficient evidence to sustain the verdict for the defendant, and the record presents no error in the rulings or the charge of the court that warrants a reversal.

    *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

        DECIDED APRIL 14, 1925.

Complaint; from Whitfield superior court—Judge Tarver. December 19, 1924.

Application for certiorari was made to the Supreme Court.

*Maddox, Maddox & Mitchell,* for plaintiff.

*J. A. McFarland, W. M. Sapp,* for defendant.