21988. MARCHMAN *v.* SECURITY LOAN & ABSTRACT COMPANY.

626

Decided July 14, 1932.   Rehearing denied September 28, 1932.

*H. C. Hatcher,* for plaintiff in error.
*Dasher & Carlisle, Joseph Law,* contra.

Sutton, J.   In March, 1925, the Security Loan & Abstract Company sold to H. D. Marchman a tract of land in Burke county for $2,600, payable $1,000 cash, $500 in one year, $500 in two years, and $600 in three years, such deferred payments bearing interest. It executed and delivered to Marchman a warranty deed to said land, describing the same as containing 120 acres.   To secure the balance of the purchase-money Marchman executed to said company his security deed to this land.   Marchman paid the two deferred payments of $500, but refused to pay the last for the reason that there was a shortage in the acreage of the tract of land conveyed, the same containing only 92-1/2 acres, and asserted that he was entitled to a rebate in the purchase-price, which was practically the amount of the last deferred payment.   Said company brought suit in Burke superior court on the note given for the last payment.   Marchman filed an answer denying liability thereon, on the ground stated above.   The trial of the case resulted in a verdict in favor of Marchman.   The company brought the case to this court, where the judgment was reversed and the case sent back for another trial.   *Security Loan & Abstract Co.* v. *Marchman,* 41 *Ga. App.* 808 (154 S. E. 822).   This court held that the sale of the said land under the description in the deed from the said company to Marchman was a sale of land by the tract, and not by the acre; that a deficiency in the number of acres specified, there being no fraud alleged, was no ground for an apportionment of the pur-

chase-price; and that the plea of the defendant seeking an apportionment of the purchase-price on account of such deficiency in the number of acres sold, there being no allegation of fraud on the part of the vendor in the sale, set forth no defense and should have been stricken.

On the call of the case for trial the second time, Marchman amended his answer and set up these facts: When said company sold this land to him, it knew that said tract of land did not contain 120 acres, yet it fraudulently and deceitfully represented to him that said tract of land did contain 120 acres. When he started to farm said land he tried to get a three-horse farm on it, and discovered that he did not have anything like 120 acres. He then had the land surveyed, the survey showing that he only had 92-1/2 acres. This shortage of 27-1/2 acres was so gross a shortage as to justify the suspicion of a wilful deception on the part of said company, or a mistake amounting to a fraud. Marchman elected to have an apportionment of the amount paid for said tract, said amount being $596.75, and prayed that this amount be credited on the note sued on. On the trial Marchman admitted a prima facie case in said company, and assumed the burden.

Marchman introduced in evidence a letter from said company to McElmurray, the real-estate agent who made the deal with him, representing therein that said tract contained 120 acres. The evidence introduced showed that said company sold this land to Marchman as a tract of land containing 120 acres, that it prepared the security deed from Marchman to it, and in this set out that the land contained 120 acres, that the land was 27-1/2 acres short, that Marchman bought the land as containing 120 acres, that said agent showed him the letter from said company in which it represented that said tract contained 120 acres, and that, based upon said letter and the statements made to him by McElmurray that the tract contained 120 acres, Marchman purchased said land. Marchman testified that he had been knowing the land for 15 years, that is, just knew it as he passed it, that he was not very good at judging acreage, and that he had never been on the land. He further testified that he did not think that McElmurray intentionally deceived him, but that he could not say the same thing for said company. The surveyor who surveyed said land for Marchman testified that he made a plat thereof and it showed said tract as containing only 92-1/2 acres.

At the conclusion of the evidence the court directed a verdict for said company for the full amount of the note sued on. Marchman moved for a new trial upon the general grounds and the ground that the court erred in directing a verdict for said company, when the evidence submitted was sufficient for the submission of facts to the jury, for it was a jury question whether from all the facts and circumstances there was fraud or not, and it is not in the power of the court to determine this fact, for this is solely the power of the jury.

The court overruled the motion for new trial, and to this judgment Marchman excepted.

■ "In a sale of lands, if the purchase is per acre, a deficiency in the number of acres may be apportioned in the price. If the sale is by the tract or entire body, a deficiency in the quantity sold can not be apportioned. If the quantity is specified as 'more or less,' this qualification will cover any deficiency not so gross as to justify the suspicion of willful deception, or mistake amounting to fraud; in this event the deficiency is apportionable; the purchaser may demand a rescission of the sale ·or an apportionment of the price according to relative value." Civil Code (1910), § 4122. This section of the code deals with the matter of deficiency of land under three sets of circumstances: (1) where the sale is made by the acre; (2) where it is by the entire tract or body; (3) where the quantity is specified as "more or less." In the instant case we have a sale by the entire tract, the land being described as "containing 120 acres," without the qualifying words "more or less." Clearly the addition of the words "more or less" does not give a superior right of apportionment for a deficiency than exists without them. To so hold would reduce the provisions of this section of the code to an absurdity. Thus, to say that if a tract of land is described as containing 120 acres, and it really contains 92-1/2 acres, the purchaser will be without remedy; but if the words "more or less" are added to the description, the purchaser will have a remedy (it being for the jury to say whether such a deficiency is sufficient to raise a suspicion of wilful deception or mistake amounting to fraud), would be in effect to say that the more vague and indefinite the description, the greater the right of the purchaser to recover for a deficiency. *Kendall* v. *Wells,* 126 *Ga.* 343 (55 S. E. 41). The omission of the words "more or less" in a convey-

ance does not prevent the purchaser from claiming an apportionment for a gross deficiency. Mendenhall *v.* Steckel, 47 Md. 453 (28 Am. R. 481).

In *Estes* v. *Odom,* 91 *Ga.* 600, 604 (18 S. E. 355), it was held that if a mistake so gross as to be the equivalent of fraud is suggested after ascertaining the true quantity of the land conveyed by comparing the same with the quantity named in the descriptive words of the conveyance, then a recovery could be had. In that case the court further held that it is a question of fact to be decided by a jury, on all the circumstances of the particular case, whether the deficiency in a given instance is so gross as to raise a suspicion of mistake amounting to fraud. Where the land is purchased with the view of cultivating it for farming purposes, the suspicion would arise more quickly. The jury in that case might have a good reason for believing that the vendee relied upon the false representation, thinking it to be true. The question of whether the deficiency is so gross as to give rise to wilful deception or mistake equivalent thereto is for the jury in ordinary cases. The deficiency might be so trivial on one hand or so gross on the other as to present nothing whatever for trial by a jury. As a matter of law, however, it can not be said that a deficiency of 27-1/2 acres in a tract of 120 acres is so gross as to justify a suspicion of fraud, nor can we, on the other hand, say that it is not. By showing a deficiency, a prima facie case of fraud is made to the extent of raising a suspicion. The same facts which justify the suspicion may prove the fraud, prima facie. The suspicion must arise out of a comparison of quantities and out of the magnitude of the resulting deficiency. *Estes* v. *Odum,* supra. So "Where a deed to land described the quantity of acres conveyed as being '80 acres, more or less,' and there was an alleged shortage of 26 acres, it was for the jury, and not for the court, to say whether this deficiency was so gross as to authorize a rescission of the contract, or an apportionment of the purchase-price." *Bryan* v. *Yates, 7 Ga. App.* 712 (67 S. E. 1048). The amount of the deficiency in acreage is a circumstance to which the jury may look, together with all the other evidence, in determining whether there was actual fraud or not. *Milner* v. *Tyler, 9 Ga. App.* 659 (71 S. E. 1123) ; *Kirkland* v. *Brewton,* 32 *Ga. App.* 128 (9) (122 S. E. 814). It is a question for the jury whether, under the circumstances of the particular case, the defi-

ciency is so gross as to justify the suspicion of fraud, in which event the vendee will be entitled to an apportionment of the price according to relative value. *Mayo* v. *Bowen,* 26 *Ga. App.* 539 (106 S. E. 596); *Perkins Mfg. Co.* v. *Williams,* 98 *Ga.* 388 (25 S. E. 556); *James* v. *Elliott,* 44 *Ga.* 237. So where a deed recited that the number of acres conveyed was 102-1/2 and there was a proved deficiency of 41 acres, this deficiency was so gross as to warrant the jury in believing that there was a mistake, amounting to fraud. *Owens* v. *Durham,* 9 *Ga. App.* 179 (70 S. E. 989). In *Seymore* v. *Rice,* 94 *Ga.* 183 (21 S. E. 293), there were allegations of actual fraud, and the question as to what evidence was sufficient to make out a prima facie case. Mr. Justice Lumpkin, who delivered the opinion in that case, said "The deficiency of 51 acres in a tract of this size [170 acres] was considerable, and it is the province of the jury and not the court to say whether or not Rice was guilty of actual and wilful deceit in making the sale."

In the case at bar the plaintiff in error amended his petition and alleged fraud. The evidence showed that the defendant in error represented to the plaintiff in error that this land contained 120 acres, that plaintiff in error bought the land as being 120 acres for a farm, relying upon the representation of the defendant in error that the land contained that amount of acreage, that plaintiff in error had never been on the land, but had only seen it in passing, and was not a good judge in determining the amount of acreage in a tract from observation, and that upon survey the land showed a deficiency of 27-1/2 acres. In these circumstances we are of the opinion that, under the principles above announced, it was for the jury to say whether this deficiency was so gross as to give rise to wilful deception or a mistake equivalent thereto.

■ The defendant in error further relies on the proposition that the plaintiff in error bought the land and had an opportunity to examine it, that he was not prevented by it in making an examination of the land, that he had an equal opportunity to judge the amount of the land with it, and that for this reason the sale should not be vitiated or an apportionment of the purchase-price had by reason of a mere false assertion of the vendor. *Thompson* v. *Boyce,* 84 *Ga.* 497 (11 S. E. 353); *Walton* v. *Ramsey,* 50 *Ga.* 618; *Beall* v. *Berkhalter,* 26 *Ga.* 564; *Tindall* v. *Harkinson,* 19 *Ga.* 448; *Tallent* v. *Crim,* 19 *Ga. App.* 16 (90 S. E. 742). These cases are

distinguishable from the present case. The plaintiff in error only had a previous knowledge of the land from passing by it, and he was not a good judge of acreage. It does not appear from the record in the case that from an examination of the public records, or from looking at the land, he could have ascertained that the same did not contain the number of acres the deed called for. "Previous knowledge of the land or its boundaries would not preclude the vendee from recovering for fraudulent misrepresentations of quantity, if without fault on his part he was actually deceived and defrauded by the misrepresentations." *Estes* v. *Odum,* supra. In that case the court said, "Knowledge of boundaries need not involve knowledge of acreage or superficial area, and was not, in itself, notice of what the tract contained."

■ Applying the rulings above made to the facts of the instant case the trial judge erred in directing a verdict for the defendant in error.

*Judgment reversed.    Jenkins, P. J., and Stephens, J., concur.*