34278. CATES *et al. v.* OWENS.

DECIDED NOVEMBER 21, 1952.

*Richard H. Sapp Jr., Sanford P. Carr Jr., Stafford R. Brooke,* for plaintiffs in error.

*Malcolm C. Tarver,* contra.

SUTTON, C. J. The plaintiffs' petition as amended alleged in substance that they purchased from the defendant a certain described tract of land, and that, prior to such sale, the defendant told the plaintiffs that said tract of land contained 109 acres and was all of the 112-acre tract that he had purchased from D. H. Herrod on January 28, 1941, except three

acres which he had sold off to his son-in-law, Henry C. Crump. It is alleged that the defendant, knowingly and with the intent to defraud the plaintiffs, told them that said tract of land being offered was the entire tract of land sold to him by D. H. Herrod in 1941, except the three acres sold off by him to Henry C. Crump, and the defendant knew at the time he made said representation to the plaintiffs that he did not own more than half of the 112-acre tract; that the plaintiffs, relying on and believing the defendant's representations that said tract of land contained 109 acres, purchased the same and paid him therefor $9500 in cash and property, and they would not have purchased said tract had they not believed and relied upon the defendants' representations as to the acreage thereof; and "That, under the foregoing allegations, the defendant is guilty of actual fraud, so as to entitle plaintiff to an apportionment of price according to relative value under section 29-201 (4122) of the Georgia Code Annotated."

The tract of land conveyed to the plaintiffs by the defendant contained only 49.9 acres, this being less than half the number of acres he represented the tract to contain; and it was alleged that the plaintiffs were deceived and defrauded by the misrepresentations of the defendant as to the quantity of land he sold to them.

Code § 29-201, in regard to a deficiency of quantity in the sale of lands, provides: "If the quantity is specified as 'more or less,' this qualification will cover any deficiency not so gross as to justify the suspicion of wilful deception, or mistake amounting to fraud; in this event the deficiency is apportionable; the purchaser may demand a rescission of the sale or an apportionment of the price according to relative value." The allegations of the petition in the present case charge the defendant with actual fraud. It was held in *Emlen* v. *Roper*, 133 *Ga.* 726 (2) (66 S. E. 934): "A material representation falsely made by a vendor to a vendee to induce a sale, and made with a knowledge of its falsity, amounts to actual fraud," and in the opinion in that case, on page 729, it was ruled: "In the present case it is alleged that the vendors' representation at the time of the sale of the number of acres was not only false, but false within the knowledge of the vendors, and was acted

upon by the vendee to her injury. This is a charge of actual fraud." That ruling is applicable and directly in point in the present case. In *Seymore* v. *Rice*, 94 *Ga*. 183, 185 (21 S. E. 293), the deed from Rice to Seymore described the land as containing 170 acres, more or less, and the tract really contained only 119 acres, there being a deficiency of 51 acres. It was there ruled: "The deficiency of 51 acres in a tract of this size was quite considerable, and it was the province of the jury, and not of the court, to say whether or not Rice was guilty of actual and willful deceit in making the sale." It was held in *Bryan* v. *Yates*, 7 *Ga. App.* 712 (67 S. E. 1048): "Where a deed to land described the quantity of acres conveyed as being '80 acres, more or less,' and there was an alleged shortage of 26 acres, it was for the jury, and not for the court, to say whether this deficiency was so gross as to authorize a rescission of the contract, or an apportionment of the purchase-price, under § 3542 of the Civil Code." In *Owens* v. *Durham*, 9 *Ga. App.* 179 (70 S. E. 989), where the deed recited that the number of acres conveyed was 102½, more or less, and there was a deficiency of approximately 41 acres, it was held: "This deficiency was so gross as to warrant the jury in believing that there was a mistake amounting to fraud." For principles ruled in other cases which are applicable to the case at bar, see *Estes* v. *Odom*, 91 *Ga*. 600 (18 S. E. 355); *Stockburger* v. *Brooker*, 33 *Ga. App.* 676 (3,4,5) (127 S. E. 663); *Marchman* v. *Security Loan & Abstract Co.*, 45 *Ga. App.* 625 (165 S. E. 884).

The fact that the plaintiffs, in response to an order of the court in a ruling on demurrer, amended their petition by alleging that they did go upon the land in question prior to the purchase, and that the defendant showed them two corners of the property, but that no measurements of the land were made, and that they were not prevented from measuring it, except by the representation by the defendant that said tract of land contained 109 acres and was all of the 112-acre tract of land which the defendant had bought from D. H. Herrod except three acres sold to Henry C. Crump, did not render the petition subject to be dismissed on general demurrer. It was ruled in *Estes* v. *Odom*, 91 *Ga*. 600 (4) (supra): "Previous knowledge of the land or of its boundaries would not preclude the vendee from

recovering for fraudulent misrepresentation of quantity, if without fault on his part he was actually deceived and defrauded by the misrepresentation, provided the deficiency was more than could be fairly covered in the given instance by the phrase 'more or less.'" This principle was again ruled in *Stockburger v. Brooker*, 33 *Ga. App.* 676 (supra), and in *Marchman v. Security Loan & Abstract Co.*, 45 *Ga. App.* 625 (supra).

The cases cited by counsel for the defendant in error are distinguishable on their facts from the case at bar. In *Tallant v. Crim*, 19 *Ga. App.* 16 (90 S. E. 742), the misrepresentations relied upon were as to the character and value of the land. In *Newbern v. Milhollin*, 31 *Ga. App.* 247 (120 S. E. 637), the vendee in his plea sought an abatement in the purchase price by reason of alleged false statements by the vendor that the land in question was free from Bermuda grass. It appears that the vendee made his own examination of the land prior to its purchase while riding over the land with the vendor in an automobile. It was ruled that, since it appeared that a casual, passing examination at the time of the inspection would have disclosed the presence of the Bermuda grass with which, the record indicates, the defendant was familiar, the verdict for the vendor was demanded by the evidence. In *Bivins v. Tucker*, 41 *Ga. App.* 771 (154 S. E. 820), s.c., 42 *Ga. App.* 254 (155 S. E. 533), constructive fraud, and not actual fraud, was relied upon. *Kendall v. Wells*, 126 *Ga.* 343 (55 S. E. 41), and *King Lumber Co. v. Cowart*, 136 *Ga.* 739 (72 S. E. 37), are also distinguishable on their facts from this case, the rulings in those cases being to the effect that actual fraud is essential to a recovery in such cases.

■ The plaintiffs' second amendment, which was filed on June 16, 1952, was not too late, as it was filed before the final ruling of the court on the defendant's demurrers after the petition was amended. See Code (Ann.), § 81-1001; Ga. L. 1952, p. 243.

■ The court erred in sustaining the general demurrer to the petition as amended and in dismissing the action.

*Judgment reversed. Felton and Worrill, JJ., concur.*