ROMULUS G. BEALL, plaintiff in error, vs. JOHN T. BERKHALTER, defendant in error.

Whether a covenant of warranty is to be so construed relatively to the quantity of land conveyed, as to be deemed an assurance to the purchaser of the existence of that quantity, will, in many cases, depend upon the manner in which the particular deed is expressed.

Unless where the enumeration of the quantity is of the essence of the contract, and not matter of description merely, the covenant of warranty will not be broken by a deficiency in the quantity of land conveyed.

Debt, in Warren Superior Court. Tried before Judge THOMAS at October Term, 1858.

This was an action of debt brought by John L. Berkhalter against Romulus G. Beall on a note, of which the following is a copy, to-wit:

"On or before the twenty-fifth day of December, eighteen hundred and fifty-one, I promise to pay John L. Berkhalter, or bearer, one thousand dollars for value received this October 30th, 1850.

[Signed]     ROMULUS G. BEALL."

The defendant pleaded partial failure of consideration in this: that plaintiff sold him eight hundred and sixty acres of land, and that the note sued on was for part of the purchase money of said land, and that upon re-survey, said land turned out to be only seven hundred and fifty acres; and for this deficiency in quantity, claimed a deduction or abatement from the note sued on. And in support of this defence, defendant offered in evidence the deed from plaintiff conveying said land This deed "witnesseth that the said John L. Berkhalter, for and in consideration of the sum of four thousand dollars to him in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, hath granted, bargained, sold and conveyed, and doth by these presents grant, bargain, sell and convey unto the said Romulus G. Beall, his heirs and assigns, all that tract or parcel of land situate and lying in the county of Warren, on the waters of Carson's and Hart's creeks, *containing eight hundred and sixty acres, more or less,* adjoining land of Hudson and Palmer on the north and ———, and Fuller on the northeast, Mrs. Linely on the east, Mrs. Lewis on the south, Mrs. Dozier and Henry Hight on the west. To have and to hold said tract of land unto him, the said Romulus G. Beall, his heirs and assigns, together with all and singular the rights, members and appurtenances thereof, to the same in any manner belonging, to his and their own proper use, benefit and behoof forever in fee simple. And the said John L. Berkhalter, for himself, his heirs, executors and administrators, the said bargained premises, unto the said Romulus G. Beall, his heirs and assigns, will warrant and forever defend the rights and title thereof against themselves and against

the claims of all other persons whatsoever. In witness," &c.

The plaintiff objected to the introduction of this deed on the ground that said deed contained no warranty of quantity or number of acres.

The Court sustained the objection and repelled the deed, and to this ruling or decision defendant excepted.

The jury found for the plaintiff the full amount of the note.

Whereupon defendant tenders his bill of exceptions, and assigns as error the decision above excepted to.

ED. H. POTTLE, for plaintiff in error.

L. STEPHENS & L. A. NELMS, representing A. STEPHENS & GIBSON, *contra*.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Was the Court right in rejecting the deed from Berkhalter to Beall, which was offered by the latter to support his plea of partial failure of consideration in this case?

The answer to this question will depend upon the further enquiry of whether the enumeration of the quantity of acres is of the essence of the contract between these parties, or is matter of description merely. If the former, then, the covenant of warranty must be construed relatively to the quantity of land conveyed, and is to be deemed an assurance to the purchaser of the existence of that quantity. If otherwise, the covenant of warranty will not be broken by a deficiency in the quantity of land conveyed. Berkhalter sold to Beall "all that tract or parcel of land situated and lying in the county of Warren, on the waters of Carson's and Hart's creek, containing eight hundred and sixty acres *more or less,* adjoining the lands of Hudson and Palmer on the north and ———, and Fuller on the north-east, Mrs. Linely on the

Beáll vs. Berkhalter.

east, Mrs. Lewis on the south, and Mrs. Dozier and Henry Hight on the west," &c.

When the words more or less are annexed to the quantity of land, it is against principle that the vendor should be responsible to assure any given number of acres unless he practiced fraud upon the purchaser.   These words should have been held to be used, as they no doubt were originally, to protect him against any such disability; it would have saved an incalculable amount of litigation, as every rule which is fixed and certain does.   But it is too late, perhaps, to establish such a doctrine in the face of such an amount of judicial interpretation, to the contrary.   The decisions are, that these words are intended only to protect the seller against a small deficiency where there is an approximation to the quantity of acres mentioned.   Suppose this case came within the class which the defendant contends it does.   What deficiency would be covered by the words more or less?   It is assumed, with great confidence, that one hundred and ten acres would constitute too great a disparity.   What then is allowable in a tract of eight hundred and sixty acres?   I propound these queries to expose the unsatisfactoriness of the rule.   It is substituting the Court and jury in each particular case, to bind the vendor according to their discretion.

But that is not all.   There is no reciprocity in the rule. It don't work both ways.   If the quantity of acres exceed the number specified ever so much, it is not pretended that the purchaser is subject to reclamation.   In other words, less don't mean *less*, but more does mean *more!*

But how stands this deed?   Was the quantity of acres here of the essence of the contract, or were they inserted as descriptive merely?   The presiding Judge held the latter, and rejected the deed; and we think properly.   The land was sold as a tract in bulk, and is described as lying on two water courses in Warren county; and all the coterminus proprietors are designated, and it is conjectured to contain eight hundred acres; still, it may be more or it may be less. Nei-

ther seller nor buyer knew certainly the size of the tract. They both *"guessed,"* probably, that there were about eight hundred and sixty acres. It does not appear, as in the Virginia case, that the vendor was informed by the previous conveyance to him that there was less land than that. In the case in Munford, the prior deeds called only for seven hundred and ninety-five acres, and the vendor conveyed one thousand. There is no pretence of fraud in this case. Neither the suppression of truth or the suggestion of falsehood knowingly. No intentional misrepresentation of any sort. In such a case, relief would be granted.

Judgment affirmed.