Hall *vs.* Holmes and wife.

---

P. B. HALL, plaintiff in error, *vs.* VIVIAN HOLMES AND WIFE, defendants in error.

A tenant rented a hotel for one year, agreeing to pay sixty dollars per month rent therefor, payable monthly in advance, and after occupying the premises about five months the landlord took out a warrant for the removal of the tenant from the premises for the non-payment of rent due, under the provisions of the 4005th section of the Code; whereupon, the tenant filed his bill on the equity side of the Court, alleging that the rented premises were not tenantable, and in consequence of the failure of the landlord to keep the rented premises in a tenantable condition, that he had been damaged in the sum of thirteen hundred dollars; that the landlord was insolvent, and that the tenant was unable, on account of his poverty, to give the bond and security on filing

a counter-affidavit as required by the 4007th section of the Code; and prayed an injunction restraining the landlord from turning him out of the possession of the premises, until the final hearing of the bill, offering to deposit the monthly rents in the hands of a Receiver to be appointed by the Court. On a demurrer being filed to the complainant's bill, the Court sustained the demurrer, and dismissed the same:

*Held,* That taking the allegations in the complainant's bill to be true, that the consideration for which the rent notes were given had failed, there was no rent due the landlord, and his remedy to prevent a removal from the premises was under the provisions of the 4007th section of the Code. Inasmuch as there is no provision made, in the existing laws of this State, to dispense with the bond and security required of the tenant on account of his poverty, a Court of Equity cannot make such an exception. Equity follows the law but does not control or override it. The requirement of the law, that the tenant shall give bond and security to prevent an eviction from the rented premises, is as binding upon a Court of equity as a Court of law in such cases. The demurrer to the complainant's bill was properly sustained for want of equity.

Landlord and Tenant. Rent. Equity. Before Judge BIGBY. Troup County. Chambers. September, 1870.

Hall's bill against Holmes and wife, filed in July, 1870, made this case: He rented from Holmes, as agent of his wife, the LaGrange Hotel, at $720 00 *per annum*, payable in monthly installments of $60 00, upon condition that Holmes would repair the premises, the garden, negro quarters, and especially the roof of the hotel, then evidently in a leaky condition. All that time Hall was in charge of a large, first-class boarding house. Relying upon said promises, he moved into said hotel, taking with him some of his old boarders and receiving others up to the number of forty-three, telling them of said promises and that he could make them comfortable. He exhibited the contract, which was in writing, but contained nothing about repairing said premises, but only a promise by Holmes to give him possession on the first of January, 1870, and his promise to pay rent as aforesaid. But he averred that it was understood that the repairs were to be made, notwithstanding. This contract was made on the 27th of November, 1869. And he exhibited a letter

from Holmes to him in April, 1870, asking him to get shingles for repairing said roof, and a letter from Hall to Holmes on May 26th, 1870, saying that the work done had not stopped the leaks, but thirteen of the fifteen rooms leaked, and his furniture was being damaged and his boarders would quit unless it was remedied, and threatening to sue Holmes if he did not comply with his promise.

Hall paid the rent up to the first of May. Subsequently, he was garnisheed by one who had a judgment against Holmes for slander. Upon Hall's importunity, the roof was patched, but in such way as not to make it good, but only to annoy him and injure his business. Some of the rooms were still untenantable in rainy weather.

Holmes and his wife are insolvent. Yet, knowing these facts, fraudulently, on the 15th of June, 1870, Mrs. Holmes sued out a distress-warrant for rent and a proceeding to put Hall out of said premises for non-payment of rent. Hall gave bond and stopped the proceeding. This he was enabled to do only by a conditional sale of part of his bedding and furniture. He cannot give another bond. And yet, to-day, another month's rent is claimed to be due, and Mrs. Holmes threatens like proceedings as to it, and also to garnishee his boarders, and to do this month by month, and will thus break up Hall's business. He was known to be unable to give security when the contract was made, and these small and summary suits are to worry him, fraudulently, into a payment of the rent.

He proposed to pay the rents as they fell due, (provided the garnishment on him be dissolved) to such Receiver as the Chancellor might appoint, to apply it to the repair of said premises, according to said contract. He prayed for injunction against further such warrants, and proceedings to eject him, and garnishments, until the first case might be decided, in which he had pleaded his damages and hoped to get judgment therefor. As an additional reason, he averred that his wife was unable to walk. The damages claimed by

Hill *vs.* Holmes and wife.

Hall were as follows: "By loss of boarders and custom, $700 00; by injury to carpets, beds, bedding, clothing and furniture, temporary repairs during rains and preparations to catch water leaking, $600 00;" total, $1,300 00.

The Chancellor ordered said proceeding to stop for the present, and that defendants show cause, on a day during the adjourned term in July, why said injunction should not be granted as prayed for. The cause was postponed till September, and then heard upon a motion to dismiss the bill, because Hall's remedy at law was complete.

The Chancellor dismissed the bill and refused an order, asked by Hall's counsel, for suspending his judgment to give time for a writ of error. They say the Court erred in dismissing the bill and refusing said order.

BIGHAM & WHITAKER; SPEER & SPEER, for plaintiff in error, said Holmes could not compel payment of rent till said repairs were made: 17th Ga. R., 343; 21st, 430; 39th, 215. He and his wife were liable for damages to Hall: 30th Ga. R., 869; Code, sec. 2258. Only defense to distress-warrant is counter-affidavit and security: 15th Ga. R., 301; 19th, 534. Injunction then is proper remedy: 35th Ga. R., 148; 40th, 293.

MABRY, TOOLE & SON, for defendants.

WARNER, J.

There was no error in the judgment of the Court below in sustaining the demurrer to the complainant's bill. Inasmuch as the law makes no exception as to the eviction of a tenant who is unable to give bond and security on account of his poverty, a Court of Equity cannot make one, but is as much bound, by the positive law of the land in such cases, as a Court of law would be. Equity follows the law, where the rule of law is applicable, and the analogy of the law, where no rule is directly applicable: Code, 3028. The statute law

of the State, in relation to landlord and tenant, cannot be altered or changed by simply changing the forum in which the remedy is sought.

Let the judgment of the Court below be affirmed.