W. T. & L. D. WALTON, plaintiffs in error, *vs.* PHOCIAN
RAMSEY, defendant in error.

When a tract of land is sold in a body, as containing so many acres,
"more or less," and both parties have an equal opportunity to judge
for themselves, and both act in good faith, a deficiency in the quantity
sold cannot be apportioned.

Vendor and purchaser. Warranty. Deed. Land. Be-
fore Judge GIBSON. Columbia Superior Court. September
Term, 1873.

For the facts of this case, see the decision.

W. M. & M. P. REESE; C. H. SHOCKLEY, for plaintiffs
in error.

ROBERT TOOMBS, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiffs against the de-
fendant to recover damages for an alleged deficiency in the
number of acres in a tract or settlement of land sold by the
defendant to the plaintiffs. On the trial of the case, as it ap-
pears from the record, the plaintiffs offered in evidence a deed
from the defendant to them, by which he bargained, sold and
conveyed to the plaintiffs, in consideration of the sum of
$12,000 00, all that tract or parcel of land situate and lying
in Columbia county, in this State, containing twelve hundred
acres, more or less, adjoining lands of J. S. Walton, R. L.
Lambkin, A. Lambkin and others, and warranted the title
thereto. The plaintiffs claimed there was a deficiency of one
hundred and fifty-six acres in the tract or settlement of land
sold. On this statement of facts, the defendant demurred as
to the right of plaintiffs to recover. The Court sustained the
demurrer, and the plaintiffs excepted.

There is no pretence that there was any fraud practiced in
the sale of the land, or that the purchasers did not have an
equal opportunity with the seller to know the number of acres

the tract or settlement of land contained, within the prescribed boundaries mentioned in the deed. In the case of *Beall vs. Burkhalter*, 26 *Georgia Reports*, 564, this Court held and decided that, unless, where the enumeration of the quantity of land sold is of the essence of the contract, and not matter of description merely, the covenant of warranty will not be broken by a deficiency in the quantity of land conveyed. In delivering its judgment in that case, the Court said—" When the words 'more or less' are annexed to the quantity of land, it is against principle that the vendor should be responsible to assure any given number of acres, unless he practiced a fraud upon the purchaser." The Code declares that in a sale of lands, if the purchase is *per acre*, a deficiency in the number of acres may be apportioned in the price. If the sale is by the tract or entire body, a deficiency in the quantity sold cannot be apportioned. If the quantity is specified as "more or less," this qualification will cover any deficiency not so gross as to justify the suspicion of willful deception or mistake amounting to fraud; in this event, the deficiency is apportionable—the purchaser may demand a rescission of the sale or an apportionment of the price according to relative value: Code, 2642.

It is contended by the plaintiffs in error that the Code introduced a new element of fraud which was not recognized by the Court in *Beall vs. Burkhalter*, to-wit: Legal fraud. We do not think so. The principle recognized in that case and by the Code is, that when a tract or settlement of land is sold in a body, as containing so many acres "more or less," and both parties have an equal opportunity to judge for themselves, and both act in good faith, a deficiency in the quantity sold cannot be apportioned. The deficiency in quantity might be so great as to justify the suspicion of actual fraud and willful deception; but that is not this case, and, in our judgment, it comes within the decision made in *Beall vs. Burkhalter*, and must be controlled by it. The principle recognized by that case and the Code is, that if there is actual fraud and deception on the part of the vendor of the land, or the deficiency

in the quantity of the land is so gross as to be evidence of it, then the deficiency may be apportioned, but not otherwise.

Let the judgment of the Court below be affirmed.