HENRY STEPHENS, plaintiff in error, *vs.* DANIEL N. HUDSON, defendant in error.

Where a tract of land was sold in a body as containing so many acres, "more or less," and both parties have an equal opportunity to judge for themselves as to the quantity therein embraced, and both act in good faith, a recovery cannot be had for a deficiency in the number of acres specified.

Vendor and purchaser.   Warranty.   Deed.   Land.   Before Judge HALL.   Rockdale Superior Court.   March Term, 1875.

Stephens brought case against Hudson for $360 00, besides interest, alleging that the defendant had sold to him one hundred acres of land at $10 00 per acre; that after payment therefor he discovered there were but sixty-four acres in the tract; that the defendant falsely represented, and warranted, that there were one hundred acres in the tract sold.

---

The defendant pleaded the general issue, and that he sold the land by the tract and not by the acre; that the plaintiff so understood at the time of the sale; that he told the plaintiff that he did not know or care how many acres there were, but the price was $1,000 00 for the tract; that he showed the plaintiff the lines and boundaries before the trade was closed.

The deed from defendant to plaintiff described the land as containing one hundred acres, more or less, consideration $1,000 00. The usual covenant of warranty was thereto attached. The evidence as to whether the land was sold by the acre or by the tract was as conflicting as the pleadings of the respective parties. The deficiency was shown.

The jury found for the defendant. The plaintiff moved for a new trial because the court erred in its charge, and because the verdict was contrary to the charge and the evidence.

The court charged, in substance, the principle embraced in the above head-note. The motion was overruled, and the plaintiff excepted.

CLARK & PACE, for plaintiff in error.

JOHN J. FLOYD; A. C. McCALLA, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover damages for the alleged deficiency in the number of acres of land in a tract which the defendant had sold to the plaintiff. On the trial of the case, the jury found a verdict for the defendant. The plaintiff made a motion for a new trial on the ground that the verdict was contrary to the charge of the court, and against the weight of the evidence, which was overruled, and the plaintiff excepted. In looking through the evidence in the record, we find no error in overruling the motion for a new trial. The facts of the case bring it within the rulings of this court in *Walton vs. Ramsay,* 50 *Georgia Reports,* 618, and *Beall vs. Burkhalter,* 26 *Georgia Reports,* 564.

Let the judgment of the court below be affirmed.