### FINNEY *v.* MORRIS.

Where land is sold by the tract and described in the conveyance as so many acres, "more or less," a deficiency in the number of acres actually conveyed to the purchaser will not authorize an apportionment in the price agreed to be paid, if the purchaser admits that there was no intentional fraud upon the part of the vendor.

Submitted November 22, — Decided. December 12, 1902.

Complaint. Before Judge Hart. Jones superior court. April 23, 1902.

*Johnson & Johnson* and *R. L. Berner*, for plaintiff in error.
*J. C. Barron*, contra.

FISH, J. Morris sued Finney for ninety dollars and interest thereon, the balance appearing to be due upon a promissory note, given by the defendant to the plaintiff. The defendant pleaded that the note was given in part payment for certain lands which he purchased from the plaintiff; that he bought of the plaintiff two

tracts of land for farming purposes, for which they were only suitable; that, according to the plaintiff's representations, there were ninety acres in one of the tracts and seventy-five acres in the other; that, in arriving at the price to be paid, the lands were valued at five dollars per acre; that the defendant subsequently had the tracts surveyed, when he ascertained that there were only seventy-two acres in the larger tract and fifty-nine and one half acres in the smaller one. He alleged that the deficiency of thirty-three and a half acres was "so gross as to justify the suspicion of willful deception on the part of plaintiff, or a mistake amounting to fraud," and he was, therefore, not liable on the note sued upon. He also sought to recoup against the plaintiff the difference between the amount which had been paid on the purchase-price and the value of the land actually conveyed to him, estimated at five dollars per acre. In his plea the defendant set forth the deeds made to him by the plaintiff, in each of which the tract therein conveyed was described as containing the number of acres which the plaintiff had represented it to contain, followed by the qualifying words, "more or less." On the trial the defendant, who in his plea had admitted the execution and delivery of the note sued on, took the burden. He fully established the facts alleged in his plea as to the deficiency in each tract in the number of acres actually conveyed to him; but he testified that he did "not charge Morris with any intentional fraud, but that he was mistaken in the number of acres;" and his counsel disclaimed any purpose to charge the plaintiff with intentional fraud. Upon the close of the evidence for the defendant, the plaintiff made a motion for the direction of a verdict by the court, on the ground "that from the evidence and pleadings a verdict for the plaintiff was demanded," which motion the court sustained and directed a verdict accordingly, which being rendered, the defendant excepted and brought the case here for review.

In our opinion, the court did not err in directing a verdict in favor of the plaintiff. We know of no distinction between actual and intentional fraud. When the defendant disclaimed any purpose to charge the plaintiff with any actual fraud in the sale of the land, he admitted himself out of court; for, as we understand the decisions of this court, it is only in cases of actual fraud that a purchaser of land, sold by the tract and described in the deed as so many acres "more or less," can have the price which he agreed to

pay for the land apportioned because of a deficiency in the number of acres actually conveyed to him. In *Beall* v. *Berkhalter*, 26 *Ga.* 564, it was held that, unless the enumeration of the quantity of land sold is of the essence of the contract, and not matter of description merely, the covenant of warranty will not be broken by a deficiency in the quantity of land conveyed. This decision was rendered prior to the adoption of our first code, and, in view of the provisions of the Civil Code, § 3542, which are but a repetition of provisions contained in each of our prior codes, the writer of this opinion would, but for the decision rendered in *Walton* v. *Ramsay,* 50 *Ga.* 618, think that the rule laid down in *Beall* v. *Berkhalter* had been changed when the first code was adopted, so that there might be an apportionment of the price for legal, as well as actual fraud. The section of the Civil Code referred to reads as follows: " In a sale of lands, if the purchase is per acre, a deficiency in the number of acres may be apportioned in the price. If the sale is by the tract or entire body, a deficiency in the quantity sold can not be apportioned. If the quantity is specified as 'more or less,' this qualification will cover any deficiency not so gross as to justify the suspicion of willful deception, or mistake amounting to fraud ; in this event the deficiency is apportionable ; the purchaser may demand a rescission of the sale or an apportionment of the price according to relative value." Under the decision in *Walton* v. *Ramsay*, however, there is no room for holding that the code modified the previously existing rule. In that case it was held : " When a tract of land is sold in a body, as containing so many acres, ' more or less,' and both parties have an equal opportunity to judge for themselves, and both act in good faith, a deficiency in the quantity sold can not be apportioned." Chief Justice Warner, who delivered the opinion of the court, after stating the ruling made in *Beall* v. *Berkhalter*, said : " It is contended by the plaintiffs in error that the code introduced a new element of fraud which was not recognized by the court in *Beall* v. *Berkhalter*, to wit, legal fraud. We do not think so. The principle recognized by that case and the code is, that when a tract or settlement of land is sold in a body, as containing so many acres 'more or less,' and both parties have an equal opportunity to judge for themselves, and both act in good faith, a deficiency in the quantity sold can not be apportioned. The deficiency in quantity might be so great as to justify the sus-

picion of actual fraud and willful deception; but that is not this case, and, in our judgment, it comes within the decision made in *Beall* v. *Berkhalter*, and must be controlled by it. The principle recognized by that case and the code is, that if there is actual fraud and deception on the part of the vendor of the land, or the deficiency in the quantity of land is so gross as to be evidence of it, then the deficiency may be apportioned, but not otherwise." That decision was followed in *Stephens* v. *Hudson*, 54 *Ga.* 513.

Applying the principle laid down in those cases to the present case, if Finney, the purchaser, and Morris, the vendor, had equal opportunities to judge of the number of acres contained in the tract sold, and both acted in good faith, the deficiency in the number of acres actually conveyed can not be apportioned. It does not appear, from the evidence, that their opportunities for estimating the number of acres were unequal. All the boundaries of each tract were given, and Finney testified that he had known the land for forty years. It is true that he also testified that he did not know any of the lines, "did not know as much as Morris, and did not risk his (Finney's) judgment." This does not show that he did not have equal opportunities with the vendor to judge of the number of acres sold. The disclaimer of the defendant of any purpose to charge the plaintiff with intentional fraud in the sale of the land amounted to an admission that there was no such fraud, and that, therefore, the plaintiff acted in good faith. So the case falls squarely within the principle ruled in *Walton* v. *Ramsay.* The plaintiff in error relies upon the decision rendered in *Estes* v. *Odom*, 91 *Ga.* 600. As we understand the question involved in that case and the decision rendered thereon, it is not in conflict with the prior decisions of this court which we have cited above. There the plaintiff in the court below charged the defendant with willful deception and intentional fraud, and did not, like the defendant in the present case, rely upon mere legal fraud. That case, as we understand it, holds that there can be no investigation of the question whether there was or was not fraud in the sale of the land, until the preliminary question, whether the deficiency in the land as conveyed is so gross as, in and of itself alone, to justify the suspicion of willful deception, or mistake amounting to fraud, has been determined in the affirmative; that when this preliminary question has been so decided, then, and then only, the question of actual fraud may be

considered and determined by the jury; and that in determining the preliminary question, no other evidence is to be considered than that which establishes the fact and the amount of the deficiency, and, consequently, upon this question, evidence of good or bad faith on the part of the vendor is immaterial and irrelevant. It could not have been the intention of the court to overrule the decision in *Walton* v. *Ramsay*, for this could not have been done without expressly reviewing that case, and, in the elaborate and able opinion of the court, delivered by Chief Justice Bleckley, that case is not even alluded to, nor is there any mention whatever of any other case previously decided by this court. *Estes* v. *Odom* lays down the rule which is to be followed in cases of this character *in making the investigation,* and does not change the principle applicable in cases where it is found necessary to determine the ultimate question of fraud or no fraud in the sale, viz.: that the ultimate inquiry is to be confined to the existence or non-existence of actual fraud. If, however, *Estes* v. *Odom* is in conflict with the former cases, they must govern.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*