## ROSENTHAL *v.* GORDON.

A petition which alleges that the plaintiff purchased a described lot of land from the defendant; that the defendant's agent in negotiating the sale, with the intent to defraud the plaintiff, and with the knowledge that the lot purchased was of dimension materially less than expressed in the deed (there being a deficiency in the width of the lot of five feet and ten inches, in a total of 73 feet and 10 inches), falsely and fraudulently represented its width, and fraudulently inserted in the deed to the plaintiff the words "more or less," assuring the plaintiff that the meaning and purpose of these words was to cover any slight discrepancy in the number of inches; that the plaintiff was without means of ascertaining the correct measurement of the lot without an actual survey; that the defendant and her agent were of such high social standing as to forbid his suspecting that he was being defrauded; and that, relying upon these representations, he consummated the purchase, to his injury, sets forth a cause of action for damages for the discrepancy. It was error to dismiss the petition on demurrer.

NOVEMBER 13, 1914.

Action for damages. Before Judge Gilbert. Muscogee superior court. November 15, 1913.

F. L. Rosenthal brought an action against Mrs. R. C. Gordon, to recover damages for an alleged deficiency in a lot of land purchased from her. The defendant filed general and special demurrers to the petition. The court overruled the general demurrer, and sustained certain of the special demurrers. Amendments were subsequently allowed. The defendant then made a written motion to dismiss the petition as amended, on the ground that its allegations were insufficient in law to constitute a cause of action against the defendant. This motion was sustained, and the plaintiff excepted.

The material allegations of the petition as amended are as follows: On January 20, 1913, by warranty deed the defendant conveyed to the plaintiff a lot of land, upon a consideration of $5,000, described as follows: "That certain tract or parcel of land with improvements thereon situate, lying, and being in the City of Columbus, State and County aforesaid, known and distinguished in the plan of survey of said City as part of City lot Five Hundred and Five (505), being the following portion of said lot to wit: beginning at a point on the west side of 5th Ave., 60 feet south from the N. E. corner of said lot, thence runs south along 5th Avenue 73 feet 10 in., more or less, thence west 147 feet 10 inches, more or less, thence north 73 ft. 10 in., more or less, thence east 147 ft. 10 in. to starting point, with equal privileges and interest in a ten-foot alley on the south of the land hereby conveyed, this being the same land conveyed in deed recorded Feb. 10, 1903, and recorded in Deed Book 22, folio 225 and 226, Clerk's Office, Muscogee County." After paying for the land and receiving his deed the plaintiff discovered that the width of the lot on Fifth Avenue was 68 feet, and that the width of the lot in the rear was 64 feet and 9 inches. The City of Columbus, under legislative authority, was laid off and mapped into blocks and streets, and all residence lots were laid off in uniform sizes, each block containing four acres and being 600 feet from north to south and 300 feet from east to west, each block being subdivided into half-acre lots, there being eight lots in each block; the measurement of each lot being 147 feet and 10 inches from south to north, and extending back in the block 147 feet and 10 inches. Lot number 505 was one of these residence lots laid off by commissioners under legislative authority. As the city

became more populous the half-acre lots were subdivided into halves, or quarter-acre lots, having a frontage of 73 feet and 10 inches on the avenue and extending back 147 feet and 10 inches; and for many years it has been universal, in the sale and conveyance of residence lots, to sell and convey a full lot, or half acre, and half lot, or a quarter of an acre, until in recent years sales have been by the front foot. Several months before the purchase of the lot the buildings located thereon and all the fences and trees were destroyed by fire, and there was nothing left to define or point out the boundaries of contiguous lot owners. Plaintiff is the rabbi in charge of the synagogue in the City of Columbus, having resided there for six and one half years, but was unacquainted with the boundaries of the lot. The defendant had resided on the lot for twenty years, and well knew that the lot contained 68 feet frontage on Fifth Avenue and was only 64 feet and 9 inches at its rear. The defendant advertised the lot for sale through the real-estate firm of John Blackmar & Sons, one of the members of which, Alfred Blackmar, was the son-in-law of the defendant. The plaintiff bargained with the real-estate agents through the medium of a friend, and in the course of the negotiations Alfred Blackmar expressly stated that the lot was a full quarter of an acre, 73 feet and 10 inches front by 147 feet and 10 inches in depth, in addition to the interest in the alley, and well knew that the plaintiff would not have purchased had the truth as to the dimensions of the lot been known. Alfred Blackmar knew that petitioner was buying the lot for a home, and that its size was of the essence of the trade, and recklessly represented the lot as a full quarter of an acre, 73 feet and 10 inches front, knowing that the plaintiff relied upon his representations and did not know, or have means of knowing, the correct dimensions of the lot, without a survey, as all the fencing, houses, and landmarks had burned away. When the deed was presented to petitioner, the question was asked of Alfred Blackmar what was meant by the words "more or less" in the deed, and he stated that he understood that the lot was a full quarter acre, 73 feet and 10 inches, in addition to the right and easement in the 10-foot alley to the south and adjacent to the lot, and that the words "more or less" were put in the deed as a form, to cover any discrepancy in the number of inches, should there be a few inches in variation. Plaintiff did not know the legal significance or meaning of the words "more or less,"

and accepted the statement of Alfred Blackmar as to why he had inserted the words in the deed, and, relying upon the truthfulness of his statement, he accepted the deed and paid the purchase-price, which he would not have done had he known the lot was not of the size represented. The representation of Alfred Blackmar was made fraudulently and for the purpose of deceiving and defrauding the plaintiff, and to induce him to accept the deed and pay the purchase-price. On account of the high social position of the defendant and her agent he accepted their representations as true, and did not ascertain to the contrary until a survey was actually made.

*Hatcher & Hatcher,* for plaintiff.

*Slade & Swift,* for defendant.

EVANS, P. J. (After stating the foregoing facts.) The plaintiff's action is not one of covenant, but an action founded upon fraud. He bargained for a definite lot of land, with the dimensions given in the deed as qualified by the words "more or less." Where a lot of land is sold in a body, as containing a certain area "more or less," and both parties have an equal opportunity to judge for themselves, and both act in good faith, a deficiency in the quantity sold will not be apportioned. *Walton* v. *Ramsey,* 50 *Ga.* 618. But where the vendor in the consummation of the sale is guilty of actual fraud in representing the area, the rule is different. *Kendall* v. *Wells,* 126 *Ga.* 343 (55 S. E. 41). It is charged in the present case that the vendor's representation at the time of the sale as to the width of the lot was not only false, but false within the knowledge of the vendor, and was acted upon by the vendee to his injury. This is a charge of actual fraud. *Emlen* v. *Roper,* 133 *Ga.* 726 (66 S. E. 934). The plaintiff charges that the vendor's agent not only knowingly and falsely represented the width of the lot, but also fraudulently stated the legal effect of the words "more or less," representing that this elastic expression was not intended to extend more than a few inches, whereas the shortage was more than five feet. All the negotiations were made through a real-estate agent, who was the son-in-law of the defendant, and she is bound by the conduct of her agent in the consummation of the sale. The case comes to us on demurrer, and we must take the plaintiff's allegations as true; the substance of which is, that the defendant, with intent to defraud him, and with the knowledge that the lot was of less dimension than expressed in the deed, falsely represented its width, and when he

inquired as to the meaning of the words "more or less" he was told that they were intended only to apply to a slight variation, not exceeding a few inches. If the plaintiff was fraudulently induced to buy a lot of less size than what the agent falsely represented it to be, he is entitled to recover damages for the deficiency.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*