## 8164. GORDON *v.* ROSENTHAL.

1. The excerpt from the charge of the court to which exception is taken is not erroneous for any reason assigned, and the requests to charge which were refused by the trial judge, so far as pertinent to the issues, were fully and fairly covered by the charge given.
2. The verdict is not without evidence to support it, and the court did not err in overruling the motion for a new trial.

DECIDED APRIL 25, 1917.

Action for damages; from Muscogee superior court—Judge Gilbert. June 20, 1916.

*Slade & Swift, A. W. Cozart,* for plaintiff in error.

*T. T. Miller, Hatcher & Hatcher,* contra.

GEORGE, J. The petition in this case was considered by the Supreme Court at the October term, 1914. *Rosenthal* v. *Gordon,* 142 *Ga.* 682 (83 S. E. 511). The headnote of the decision then rendered is as follows: "A petition which alleges that the plaintiff purchased a described lot of land from the defendant; that the defendant's agent in negotiating the sale, with the intent to defraud the plaintiff, and with the knowledge that the lot purchased was of dimension materially less than expressed in the deed (there being a deficiency in the width of the lot of five feet and ten inches, in a total of 73 feet and 10 inches), falsely and fraudulently represented its width, and fraudulently inserted in the deed to the plaintiff the words 'more or less,' assuring the plaintiff that the meaning and purpose of these words was to cover any slight discrepancy in the number of inches; that the plaintiff was without means of ascertaining the correct measurement of the lot without an actual survey; that the defendant and her agent were of such high social standing as to forbid his suspecting that he was being defrauded; and that, relying upon these representations, he consummated the purchase, to his injury, sets forth a cause of action for damages for the discrepancy. It was error to dismiss the petition on demurrer." In the opinion by Presiding Justice Evans it is said: "The plaintiff's action is not one of covenant, but an action founded upon fraud. He bargained for a definite lot of land, with the dimensions given in the deed as qualified by the words 'more or less.' Where a lot of land is sold in a body, as containing a certain area 'more or less,' and both parties have an equal opportunity to judge for themselves, and both act in good faith, a deficiency in the quantity sold will not be apportioned. *Walton* v.

*Ramsey,* 50 *Ga.* 618. But where the vendor in the consummation of the sale is guilty of actual fraud in representing the area, the rule is different. *Kendall* v. *Wells,* 126 *Ga.* 343 (55 S. E. 41). It is charged in the present case that the vendor's representation at the time of the sale as to the width of the lot was not only false, but false within the knowledge of the vendor, and was acted upon by the vendee to his injury. This is a charge of actual fraud. *Emlen* v. *Roper,* 133 *Ga.* 726 (66 S. E. 934). The plaintiff charges that the vendor's agent not only knowingly and falsely represented the width of the lot, but also fraudulently stated the legal effect of the words 'more or less,' representing that this elastic expression was not intended to extend more than a few inches, whereas the shortage was more than five feet. All the negotiations were made through a real-estate agent, who was the son-in-law of the defendant, and she is bound by the conduct of her agent in the consummation of the sale." The case was submitted to a jury and the trial resulted in a verdict for the plaintiff. This verdict was set aside by the presiding judge and a new trial granted the defendant. The case was again tried and a verdict in favor of the plaintiff was again returned. The defendant, in her motion for a new trial, the refusal of which is assigned as error, complained of the following charge: "If a purchaser has equal opportunities with the seller for discovering the dimensions of a lot sold, and both parties act in good faith, he is bound to avail himself of such opportunity. If you find from the evidence that Doctor Rosenthal had equal opportunity with defendant's agent for ascertaining the dimensions of the lot, and said agent, Blackmar, acted in good faith, the plaintiff could not recover. If said agent did not act in good faith, but was guilty of actual fraud, as already explained, the rule would be otherwise, notwithstanding both parties may have had equal opportunity to judge the dimensions." From a careful review of the evidence we conclude that this charge was authorized, and is in substantial accord with the ruling of the Supreme Court in this case. It is insisted that certain requests to charge, submitted in writing before the jury retired to consider the verdict, should have been given by the court. In so far as the requests were pertinent to the issues involved under the pleadings and evidence, they were fully and fairly covered in the general charge. Indeed, the charge of the court, considered as a whole, is at once clear, concise, and

nicely adapted to the issues. The evidence is in sharp conflict, and on the question of equality of opportunity and actual fraud the plaintiff in error seems to us to have rather the better of it. However, there is some evidence to support the verdict, and this court has no power to interfere with the jury's finding.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*