## BAKER v. CORBIN.

The petitioner in this suit having an adequate remedy at law, the court did not err in refusing an interlocutory injunction.

No. 868.　JULY 11, 1918.

Petition for injunction. Before Judge Eve. Tift superior court. March 2, 1918.

The petition of plaintiff alleges in substance as follows: In the year 1917 Baker, the plaintiff, and Corbin, the defendant in this suit, entered into a contract by which Baker agreed and made bond to convey to Corbin title to land described as "a certain tract or parcel of land lying and being in the 6th land district of Tift County, Georgia, and bounded as follows: Beginning at the southwest corner of lot of land number 428, and running the original line east 1948 feet to the Old Union public road; thence along said road north 1455 feet to the new Isabella and Nashville public road; thence along said road east 1254 feet to the run of Big Branch; thence along the run of said branch north to the lands of J. P. Gorman; thence along the line separating from the land of J. P. Gorman in a westerly direction to the Old Union road; thence along said original line west to the run of a small branch separating said lands from the lands of George Sea; thence along the run of said branch in a southward direction to the original west line of said lot; thence along said original line south 1075 feet to the starting point; the above-described tract or parcel of land containing two hundred and fifty (250) acres, more or less." Corbin agreed to pay to Baker $4000 in cash and $5000 in annual payments of $1000 with interest, on the 15th day of October in each year, beginning with the year 1918, promissory notes being given for the deferred payments. Under the contract Corbin was to take possession of the land on January 1, 1918. Corbin did not pay the $4000 in cash, but did convey real estate in Cartersville valued at that sum. Baker has never taken possession of the Cartersville property. Some time prior to January 1, 1918, Corbin notified Baker that the land described in the bond for title contained only 170 acres, and demanded a credit on the notes of approximately $2000, with the statement that if the credit was not allowed the notes would not be paid, which request was refused. Baker thereafter tendered to Corbin his warranty deed reconveying the property which Corbin had conveyed to him, and also offering to return all of the purchase-money notes and to re-

BAKER *v.* CORBIN.

scind the contract, thus restoring Corbin to the condition existing before the contract was executed, which tender Corbin refused. It was the intention of both parties that the land should be bought and sold by metes and bounds, and not by any stipulated number of acres, though both parties believed the tract to contain approximately 250 acres. Both parties had in view a particular tract of land with definite, certain, and recognized boundaries, and the negotiations and agreement never contemplated an acreage basis. Baker has at all times stood ready to rescind the trade or to abide the terms of the trade based on the described land, without reference to the recital in regard to the number of acres, at the option of Corbin, all of which offers have been refused. The petition makes the tender a continuing one. Corbin has refused to pay any further sum; and Baker refusing to yield possession without an election by Corbin to accept one of the options tendered, Corbin filed suit against Baker in the city court of Tifton, for damages in the sum of $5000, because of the breach of the contract by Baker in refusing to yield possession. To avoid a multiplicity of suits, and because his defense to the damage suit, consisting of facts stated above, constitutes a defense which requires affirmative equitable relief which can be given only in a court of equity, the petitioner prays that the suit in the city court be enjoined; that on account of mutual mistake the contract be rescinded and the bond for title surrendered up and canceled, or in lieu thereof, at the option of Corbin, that the bond for title be reformed by striking therefrom the words "the above-described tract or parcel of land containing 250 acres, more or less." The court refused an interlocutory injunction, and the plaintiff excepted.

*Fulwood & Hargrett,* for plaintiff.

*J. S. Ridgdill* and *R. D. Smith,* for defendant.

GILBERT, J. The court did not err in refusing to enjoin the suit in the city court. The suit sought to be enjoined is a suit for damages based on an allegation of breach of contract only in so far as the vendor refused to surrender possession of the land to the vendee. To this suit the vendor, if the facts alleged by him are true, has a complete defense at law. The contract for the sale of the land by Baker to Corbin is by the tract or entire body, and therefore the deficiency, if any, can not be apportioned. Civil Code (1910), § 4122. The vendor is obliged to convey, and surrender possession of, only the land lying within the described metes

and bounds. Mr. Devlin, in his work on Real Estate (3d ed., vol. 2, § 1044), says: "Unless there is an express covenant that there is the quantity of land mentioned, the clause as to the quantity is considered simply as a part of the description." This court has held: "Where a tract of land is described in a deed by metes and bounds, and as containing so many acres, more or less, the quantity must yield to the metes and bounds. If the measurements contain twenty acres, that number of acres is conveyed to the grantee, although the deed may describe the number of acres as ten, more or less." *Ray* v. *Pease,* 95 *Ga.* 153, 170 (22 S. E. 190) ; *Beall* v. *Berkhalter,* 26 *Ga.* 564; *Kendall* v. *Wells,* 126 *Ga.* 343 (55 S. E. 41). The quantity of land is specified in the bond for title as "more or less." This qualification will cover any deficiency not so gross as to justify suspicion of wilful deception or mistake amounting to fraud. Civil Code (1910), § 4122. In the absence of fraud the vendee is bound to accept, under the contract, the land contained within the described boundaries, and the vendor would have no need for a reformation. Obviously, if the vendor is guilty of actual fraud he would not be entitled to a reformation of the contract. The same thing would be true in regard to the prayer for reformation. Compare *Finney* v. *Morris,* 116 *Ga.* 758 (42 S. E. 1020) ; *Rosenthal* v. *Gordon,* 142 *Ga.* 682 (83 S. E. 511). The allegations in the suit in the city court simply make a case where the vendor has refused possession under the contract, without more. It contains no hint that the plaintiff in that suit is unwilling to accept the land described by metes and bounds in the bond, regardless of the actual number of acres; and if that is true, the vendor is bound, under the contract, to surrender possession, in which event, if the vendee pays the balance of the purchase-price according to the contract, the vendor will be bound to make title to the land as described in the bond. If, as alleged in the petition for equitable relief, the vendee has notified the vendor that without the concession of approximately $2000 by the vendor on the purchase-money notes the vendee will refuse to make any further payments on said notes, this will amount to a renunciation of the contract by the vendee, which makes a complete defense on behalf of the vendor, and in this event the vendor is under no obligation to surrender possession. Civil Code, § 4302. "The majority of the courts have reached the conclusion that a renunciation which amounts to a refusal to perform the contract

at any time gives the adverse party an option to treat the contract as broken. Such an announcement by one of the parties to the contract amounts to a violation of the contract in omnibus, and the other party, if he so elects, may at once treat it as a breach of the entire contract." 6 R. C. L. 1024-1025, § 385; Id. 1012, § 374. Under our code a rescission of the contract must go to the whole. There can be no rescission of the contract in part. Civil Code (1910), § 4305; see *Langston* v. *Langston,* 147 *Ga.* 318. (93 S. E. 892). *Judgment affirmed. All the Justices concur.*