## KILPATRICK *v.* COATES *et al.; et vice versa.*

Under section 5410 of the Civil Code the plaintiff has an adequate remedy at law to claim legal or equitable relief, or both, against the dispossessory warrant threatened to be sued out against him by the

defendants, by setting up at law the defenses alleged in plaintiff's petition. A court of equity, therefore, will not take jurisdiction of the case under the facts alleged in the petition. Accordingly, the court did not err in sustaining the demurrer and in dismissing the petition.

Nos. 3161, 3162. DECEMBER 15, 1922.

Equitable petition. Before Judge Mathews. Bibb superior court. February 27, 1922.

W. C. Kilpatrick filed a petition against R. J. Coates and C. R. Aultman, praying for injunction, specific performance, and other relief against the defendants, and as a basis for such relief alleged in substance the following: In December, 1914, Coates proposed to plaintiff, who was an expert peach grower, that they form a partnership for the purpose of growing peaches on certain lands of Coates in Bibb County. A partnership contract was executed between them; seventy acres of land of Coates were to be used by the firm, fifty acres of the seventy were to be planted in peach trees, and the other twenty acres were to be cultivated for food crops. The agreement in detail is set forth in the petition. Briefly stated, it provided that the partnership should continue for eleven years, at the expiration of which time the peach trees should revert to and become the property of Coates. Each party was to bear one half of all expenses, and they were to divide equally the losses and to share equally in the profits of the business, except that Kilpatrick was to pay $280 per annum to offset the advantage that the value of the property might have in excess of the personal services of Kilpatrick to the business of the partnership. In pursuance of the contract the peach trees were planted, and Kilpatrick devoted his time, services, and money to the orchard and performed all of his covenants stipulated in the contract for several years. Both parties went into possession of the lands under the partnership agreement. In 1920, during the existence of the partnership, Coates approached Kilpatrick and stated that he desired to borrow a sum of money on his entire farm consisting of about 185 acres of land, of which the 70-acre peach farm was a part. The loan company from whom Coates was negotiating the loan thought the partnership agreement was an obstacle in the way of the loan; and Coates suggested to Kilpatrick that they dissolve the partnership by dividing the personal assets, and Coates under this arrangement was to keep all of the fifty acres of peach trees, there being no other assets. Kilpatrick did not agree to this suggestion. Then

Coates proposed that Kilpatrick keep a certain lot of 20 acres which had been planted in a certain variety of peach trees for the remainder of the original term of eleven years, and that the partnership be dissolved and the assets divided. Kilpatrick agreed to this proposition, and the agreement was carried out, which enabled Coates to use the 50 acres planted in peach trees to negotiate the loan desired by him. In 1921 Coates sold his entire farm consisting of 195·acres to C. R. Aultman, which lands include the 20 acres that Kilpatrick had received from the partnership assets on the dissolution of the firm; but Aultman had notice that Kilpatrick was claiming the 20 acres, and was in actual possession of the same. In October, 1921, subsequently to the sale, Aultman and Coates gave Kilpatrick notice to vacate the 20 acres of which he had possession, and they are threatening to institute dispossessory proceedings against him.

By an amendment to the original petition it was alleged that Kilpatrick was to have certain water rights on the adjacent property of Coates, which were the same water rights incorporated in the original partnership agreement; and these water rights were necessary for the protection of the 20 acres of peach trees, etc. The amendment was allowed. The defendants demurred to the petition as amended, upon the following grounds: (1) There is no equity in the petition. (2) There are not sufficient grounds set forth to justify a court of equity in enjoining the defendants, or either of them, from pursuing their lawful right to take out dispossessory proceedings against Kilpatrick. (3) The allegations of the petition could be set up as ·a defense in a counter-affidavit to a warrant to dispossess a tenant holding over. (4) The law provides remedies by which these defendants could proceed against Kilpatrick. Aultman as successor in title to Coates could bring ejectment against Kilpatrick, in which event Kilpatrick could set up as a defense any of the allegations set forth in his petition, and his remedy at law would be adequate and complete; or Aultman, as the successor in title to Coates, could have issued a warrant to dispossess a tenant, in which event Kilpatrick has a complete and adequate remedy at law by filing a counter-affidavit. In either event there would be no need for the interposition of a court of equity; for under the statutes each and every fact that he sets forth in his petition as a basis of his con-

tentions why he should not be dispossessed, and as to why he is entitled to the use and occupancy of said tract for the full term of six years, could be used by him defensively to either a suit in ejectment or in a counter-affidavit to a warrant to dispossess. (5) Plaintiff does not allege any purpose on the part of either of these defendants to bring but one action against him, and that is a warrant to dispossess on behalf of Aultman; and there is no foundation in fact shown in the petition for the allegation that for a court of equity to assume jurisdiction in this controversy and to determine the rights of the parties would avoid a circuity of actions and a multiplicity of suits. The court overruled each ground of the demurrer, except the third and fourth, which were sustained. The petition as amended was dismissed, and the plaintiff excepted.

*Robert W. Barnes,* for plaintiff.

*Hall, Grice & Bloch,* for defendants.

HILL, J. (After stating the foregoing facts.) The sole question to be decided in this case is the one raised by the petition and the demurrer filed thereto, viz., whether the plaintiff has an adequate remedy at law, or whether he can only obtain full relief under the facts of the case in a court of equity. It will be seen from the foregoing statement of facts that the plaintiff is in possession of the 20 acres of land in controversy, and has not been put out of that possession. There is only a notice on the part of the defendants to him to vacate the premises. From his petition the plaintiff apprehends that the defendants will attempt to oust him of possession by a dispossessory warrant filed for that purpose; and the question therefore arises whether in such event the plaintiff would have an adequate remedy at law in order to set up his defense as alleged in his petition.

Civil Code (1910) § 5409 is as follows: "Any person claiming equitable relief of the superior court may at any time, in aid of his suit, apply for and obtain, by proper pleadings and proof, any of the extraordinary remedies known in courts of equity, or such as are or may be granted by the judge of the superior court exercising chancery jurisdiction, upon the same terms and conditions as are now granted in equitable proceedings." And § 5410 provides: "A defendant to any suit or claim in the superior court, whether such suit be for legal or equitable relief may claim legal or equi-

table relief, or both, by framing proper pleadings for that purpose, and sustaining them by sufficient evidence." These sections are codified from the Acts of 1884-5, p. 36, and are broad enough, we think, to cover a case like the present.

In *Bashinski* v. *Swint,* 133 *Ga.* 38 (65 S. E. 152), this court held: "Where the defendant in a dispossessory-warrant proceeding bargained with a third person for the purchase of the land in question, and the plaintiff, at his instance, paid the purchase-money for him, and took a deed from the owner of the land to secure the payment by the defendant of the debt thus created, agreeing to convey the land to the defendant upon his paying such debt, and this debt has been paid as the contract between plaintiff and defendant provided, such facts when properly pleaded and proved not only constitute a complete defense to the dispossessory-warrant case, but also entitle the defendant, upon proper prayer therefor, to a decree for specific performance of the plaintiff's promise to convey the property to him." See also *Walker* v. *Edmundson,* 111 *Ga.* 454 (36 S. E. 100).

It will be observed that there is no allegation in the petition of insolvency as to either or both of the defendants, nor is there any allegation that the plaintiff could not give the bond as required by law where a counter-affidavit is filed to a dispossessory warrant. We are of the opinion, therefore, that the allegations of the petition are not sufficient to confer jurisdiction on a court of equity in order to enjoin these defendants from a mere anticipated suing out of a dispossessory warrant against the plaintiff. We are also of the opinion, should a dispossessory warrant be sued out against the plaintiff, that he could set up as a defense, in a counter-affidavit, the facts alleged in the petition in this case; and if those averments in his defense are sustained by proof, he would be protected in whatever rights he has under the contracts made with Coates, of which the other defendant, Aultman, is alleged to have had notice; and this being so, we think the plaintiff has an adequate remedy at law by which he may set up and maintain his defense against ouster from the premises of which he has been put into possession, and on which he alleges that he has made valuable improvements, and for which he has given other valuable considerations. The allegations of the petition, taken as true on demurrer, show such a part performance of the contract that it would be a

fraud upon the plaintiff if the other party to the contract did not perform, so that he could have specific performance of the entire contract.

From the foregoing we conclude that the court below did not err in sustaining the demurrer and in dismissing the petition in the present case.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*