### 15543. BLACK *v.* CHAPMAN.

STEPHENS, J. 1. The principle that where both parties have equal opportunity to judge for themselves, and both act in good faith, a deficiency in the quantity of land sold by the tract, where the land is described as so many acres "more or less," can not be apportioned, does not apply where the purchaser relies upon representations of the seller amounting to actual fraud and known by the seller to be false. See, in this connection, *Emlen* v. *Roper*, 133 *Ga.* 726 (66 S. E. 934); *Kendall* v. *Wells*, 126 *Ga.* 343 (55 S. E. 41); *Finley* v. *Morris*, 116 *Ga.* 758 (42 S. E. 1020). The decision in *Tallent* v. *Crim*, 19 *Ga. App.* 16 (90 S. E. 742), and decisions there cited, apply to cases of fraud other than that evidenced by a gross deficiency in the acreage of land sold by the tract.

2. Where the owner of improved farm land shows it to one who desires to purchase it for farming purposes, and the owner represents that the land contains 75 acres, points out two of the boundary lines, which are exceedingly long, and leads the prospective purchaser to believe that the other boundary lines are correspondingly long, when in fact the owner knows that the land does not contain 75 acres, and makes such representations and points out such boundaries for the purpose of wilfully and knowingly deceiving the prospective purchaser, and does so deceive him, and the latter, relying upon such representations, purchases the land, when the tract in fact contains only about 44 acres, the purchaser may, under the Civil Code (1910), § 4122, obtain an apportionment of the purchase price on account of fraud.

3. A charge to the jury in this case, to the effect that if the defendant, who was the seller, had knowledge that there were less than 75 acres in the tract, and told the plaintiff, who was the purchaser, that the tract contained 75 acres, and the plaintiff relied upon that information and bought the property, believing that he was getting .75 acres, the jury could consider whether or not such conduct on the part of the defendant amounted to such fraud as would authorize the plaintiff to recover for any deficiency in the land sold, was not subject to exception upon the ground that the court failed to instruct the jury that if the plaintiff had equal opportunity of ascertaining the acreage or judging for himself as to the quantity of the land, and both acted in good faith, a recovery could not be had for any deficiency in the number of acres.

4. Where the court charged the jury that if nothing indicating the acreage was said by the seller to the purchaser, and if the purchaser bought the land, taking a deed to it, as containing 75 acres more or less, the expression "more or less" would cover any deficiency which does not justify a suspicion of wilful deception or mistake equivalent thereto, and that if there was such a deficiency as would indicate a wilful deception, the purchaser would be entitled to recover therefor, such charge was not subject to the exception that it was equivalent to an instruction to the jury that if anything was said by the seller to the purchaser indicating the acreage, the seller would be liable in damages.

5. Conversations between the seller and the purchaser which tend to show that the land was sold by the acre, while irrelevant to establish a contract of sale by the acre and to change the effect of the deed, are nevertheless relevant as illustrating fraud. *Estes* v. *Odum*, 91 *Ga.* 600 (18 S. E. 355).

6. The purchaser is entitled to the value of his bargain; and it was therefore not error to exclude evidence to the effect that the acreage actually received was worth the purchase price.

7. The general rule being that the amount recoverable for such a deficiency is determinable by the proportion which the quantity represented bears to the quantity actually received, it is immaterial that the quantity of land actually received was more valuable in proportion than the adjoining land necessary to supply the deficiency; and such evidence was properly excluded. *Bowen* v. *Mayo*, 31 *Ga. App.* 575 (4) (121 S. E. 422).

8. Certain evidence objected to as immaterial was harmless to the defendant.

9. The petition set out a cause of action; the verdict found for the plaintiff was authorized by the evidence, and no error of law appears.

              *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

                   DECIDED FEBRUARY 25, 1925.

Action for damages; from Habersham superior court—Judge J. B. Jones. January 31, 1924.

*W. S. Erwin, Robert McMillan,* for plaintiff in error.
*Egbert Beall, Pemberton Cooley,* contra.