### SKINNER et al. v. STEWART PLUMBING COMPANY et al.

GILBERT, J. 1. "Equity will not enjoin the proceedings and processes of a court of law, unless there is some intervening equity, or other proper defense, of which the party, without fault on his part, can not avail himself at law." Civil Code (1910), § 5492.

2. Petitioners have an adequate remedy at law. All legal or equitable defenses alleged in the petition for injunction may be pleaded in the bail-trover case in the municipal court. *Baker* v. *Corbin,* 148 *Ga.* 267 (96 S. E. 428).

3. Inability to give the bond required in bail-trover cases will not afford

ground for equitable jurisdiction by injunction. Inasmuch as there is no provision, under the existing law of this State, to dispense with such bond, a court of equity can not dispense with it. "Equity follows the law, but does not control or override it." Compare *Hall* v. *Holmes,* 42 *Ga.* 179; *Brown* v. *Watson,* 115 *Ga.* 592 (41 S. E. 998); *Napier* v. *Varner,* 149 *Ga.* 586 (2) (101 S. E. 580), which decisions dealt with proceedings to dispossess tenants; but the principle is the same as that in the present case. *Calhoun* v. *Davis,* 163 *Ga.* 760 (137 S. E. 236).

4. The judgment refusing an injunction, for the reasons above stated, was not erroneous.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*

No. 6670. August 18, 1928.

Petition for injunction. Before Judge Moore. Fulton superior court. May 24, 1928.

Susie M. Skinner and Henrietta T. Skinner brought suit against the Stewart Plumbing Company and J. M. George, the marshal of the municipal court of Atlanta, to enjoin further proceedings in the municipal court on a bail-trover suit filed by said plumbing company against petitioners. The petition as amended and properly construed alleges that the plumbing company instituted the bail-trover suit to recover possession of specified plumbing fixtures which were installed in a residence purchased by petitioners; that said fixtures were installed prior to their purchase, and were a part of the realty; and that petitioners because of poverty are unable to give the required bond in bail-trover cases. The defendants answered, denying that the fixtures were a part of the realty, and alleging that they were personalty which could be readily removed from the premises without material damage thereto; and that the title to said fixtures was in the defendants, who sold the same to the vendor of petitioners under a contract expressly reserving title.

On the trial evidence was introduced by both parties, tending to prove the respective contentions on the question whether the fixtures were realty or personalty. It appeared without contradiction that the contract for the sale of the fixtures, in which title was retained, was recorded on the mortgage records of the county where mortgages on personalty were recorded, but not elsewhere. The allegation as to the inability of petitioners to give bond as required in bail-trover suit was not denied. It was shown without conflict that the plumbing company was not insolvent, but was amply able to respond in damages. The issues of fact were referred to a jury,

51

who returned a verdict for the defendants. The court refused an injunction, and the plaintiffs excepted.

*Ralph Williams* and *Jones, Evins, Moore & Powers,* for plaintiffs. *Levi O'Steen* and *J. F. Mayfield,* for defendants.