AMERICAN SECURITY COMPANY *v.* SEALEY *et al.*

No. 8291. NOVEMBER 12, 1931.

*Clifford Walker* and *George F. Fielding,* for plaintiff in error. *Ezra E. Phillips,* contra.

Beck, P. J. Claud W. Sealey and his wife, Mrs. Buena E. Sealey, filed their petition against the American Security Company, and made the following allegations: On a given date Claud Sealey borrowed from the defendant $200, to bear interest at the rate of 3-½ per cent. per month. At the time of the loan the defendant required Mrs. Sealey to convey to it title to certain described personalty alleged to be her property, to secure the loan made to Claud Sealey, defendant knowing that petitioners were husband and wife, and that Buena Sealey was not the borrower. She did not apply for the loan; the fund was to be used by the husband for his own purposes, the wife signing only as surety. This fact was well known to the defendant at the time, and the only reason defendant required the wife to sign was because she owned the property. Claud Sealey having defaulted in payment of the loan, defendant is threatening to bring bail-trover proceedings against the petitioners, to recover the property described in the bill of sale, and is threatening to bring garnishment proceedings against Claud Sealey to force payment of the loan. Claud Sealey has filed his voluntary petition in bankruptcy and has been regularly and duly adjudged a bankrupt. Defendant will proceed to carry out the threats to institute bail-trover and garnishment proceedings, unless it be enjoined from doing so. Petitioners are not able to make a bail-trover bond, and if defendant should bring bail-trover "it will result in one of the petitioners being locked in jail, unless Buena Sealey surrenders her property to the officers when they come to serve the same." Claud Sealey is unable to make a garnishment-dissolution bond. Petitioners are insolvent. The defendant has no property "out of which any judgment for damages could be made;" and petitioners have no adequate remedy at law.

A general demurrer to the petition was filed by the defendant. Upon the hearing, the court enjoined the defendant from bringing bail-trover against petitioners or either of them, but allowed defendant to proceed with trover without bail, or to proceed by any other legal remedy, provided it does not molest or interfere with petitioners' possession of the property involved. The court also enjoined the petitioners from moving the property or any part thereof, or changing its status, until further order. The defendant excepted to this judgment.

The court erred in granting the injunction in this case, even with the limitations and qualifications imposed. The question here involved has been directly adjudicated by this court. In the case of *Skinner* v. *Stewart Plumbing Co.*, 166 *Ga.* 800 (supra), it was said: "Equity will not enjoin the proceedings and processes of a court of law, unless there is some intervening equity, or other proper defense, of which the party, without fault on his part, can not avail himself at law. Civil Code (1910), § 5492. . . Petitioners have an adequate remedy at law. All legal or equitable defenses alleged in the petition for injunction may be pleaded in the bail-trover case in the municipal court. *Baker* v. *Corbin*, 148 *Ga.* 267 (96 S. E. 428). . . Inability to give the bond required in bail-trover cases will not afford ground for equitable jurisdiction by injunction. Inasmuch as there is no provision, under the existing law of this State, to dispense with such bond, a court of equity can not dispense with it. 'Equity follows the law, but does not control or override it.' Compare *Hall* v. *Holmes*, 42 *Ga.* 179; *Brown* v. *Watson*, 115 *Ga.* 592 (41 S. E. 998); *Napier* v. *Varner*, 149 *Ga.* 586 (2) (101 S. E. 580), which decisions dealt with proceedings to dispossess tenants; but the principle is the same as that in the present case. *Calhoun* v. *Davis*, 163 *Ga.* 760 (137 S. E. 236)." And in *Calhoun* v. *Davis*, supra, it was said: "The action being between the original parties to the contract, the borrower could set up in defense of the action of trover the several matters alleged as grounds for equitable relief. In these circumstances the trial court did not err. See *Kilpatrick* v. *Coates*, 164 *Ga.* 543 (115 S. E. 103). . . Inability of the borrower to give a replevy bond in the bail-trover proceeding will not affect the case." These decisions seem to be controlling.

*Judgment reversed. All the Justices concur, except Russell, C. J., who dissents.*