## BOTATOLES *v.* HILL.

BELL, Justice. 1. "Equity will not enjoin the proceedings and processes of a court of law, unless there shall be some intervening equity or other proper defense of which the party, without fault on his part, can not avail himself at law." Code of 1933, § 55-103.

2. The defendant in a distress warrant does not need the aid of a court of equity for the assertion of any of the following defenses: (1) that the rent claimed or some part thereof is not due (Code of 1933, § 61-404); (2) that the rent contract was terminated by agreement before the issuance of the distress warrant (*Hawkins* v. *Collier*, 101 *Ga.* 145 (2), 28 S. E. 632; *Hancock* v. *Boggus*, 111 *Ga.* 884, 36 S. E. 970; *Bryan* v. *Morris*, 143 *Ga.* 70 (2), 84 S. E. 120); (3) that the tenant has been damaged by the failure of the landlord to make necessary repairs (*Drake* v. *Dawson*, 66 *Ga.* 174 (2); *Smith* v. *Green*, 128 *Ga.* 90 (3), 57 S. E. 98; *Weaver* v. *Roberson*, 134 *Ga.* 149 (2), 67 S. E. 662; *Dougherty* v. *Taylor*, 5 *Ga. App.* 773, 63 S. E. 928); or (4) that the tenant was forced to vacate because the building became untenantable (*Lewis* v. *Chisholm*, 68 *Ga.* 40 (3)).

3. The city court of Oglethorpe would have jurisdiction to entertain each of such defenses, and it was not cause for injunction that the distress warrant was made returnable to that court. Ga. L. 1907, p. 215, § 2; *Lathrop* v. *Clewis*, 63 *Ga.* 282 (3); *Myrick* v. *Dixon*, 37 *Ga. App.* 536 (2) (140 S. E. 920); *Arthur Tufts Co.* v. *DeJarnette Co.*, 158 *Ga.* 85 (5) (123 S. E. 16).

4. The petition for injunction, as filed by the defendant in the distress warrant, alleged no defense which could not be fully recognized and enforced in a court of law; and in such case, where the petitioner asserts no claim or interest in the property, he can not resort to equity merely because of his inability to give bond in accordance with the statute. *Hall* v. *Holmes*, 42 *Ga.* 179; *Brown* v. *Watson*, 115 *Ga.* 592 (3) (41 S. E. 998); *Johnson* v. *Thrower*, 117 *Ga.* 1007 (2) (44 S. E. 846); *Napier* v. *Varner*, 149 *Ga.* 586 (2) (101 S. E. 580); *Skinner* v. *Stewart Co.*, 166 *Ga.* 800 (3) (144 S. E. 261); *American Security Co.* v. *Sealey*, 173 *Ga.* 754 (161 S. E. 253). See also *Hays* v. *Clay*, 124 *Ga.* 908 (53 S. E. 399); *Patterson* v. *Barron*, 177 *Ga.* 159 (169 S. E. 899).

5. The petition failed to state a cause of action, and the court did not err in sustaining the general demurrer.

*Judgment affirmed. All the Justices concur.*

No. 10646. JUNE 14, 1935.

*Gilbert C. Robinson,* for plaintiff.
*Jule W. Felton* and *A. C. Felton,* for defendant.